## Carl E. Parks, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued December 7, 1978, before Judges Crumlish, Jr., Mencer and Craig, sitting as a panel of three.

*John A. Mihalik,* with him *Hummel, James & Mihalik,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 22, 1979:

In *Department of Transportation, Bureau of Traffic Safety v. Morin,* 30 Pa. Commonwealth Ct. 381, 373 A.2d 1170 (1977), we held that, when a conviction for operating a motor vehicle while under the influence of intoxicating liquor and a conviction for failure to stop led to the revocation of the motor vehicle operator's license of the person convicted, the revocation penalties were properly imposed to run consecutively rather than concurrently, even though the offenses occurred within a short space of time during the same journey. In the same case, we further held that, in situations of multiple convictions and revocations, the effective date of a second revocation can be delayed until the expiration of a previously imposed revocation.

We now are confronted with an appeal from an order of the Court of Common Pleas of Columbia County in a case where the lower court, relying on *Morin,* dismissed the appeal of Carl E. Parks (Parks) from a suspension and subsequent revocation of his motor vehicle operator's license. Concluding, as did the lower court, that *Morin* is controlling in the instant case, we affirm.

On May 24, 1976, Parks pleaded guilty to the offenses of involuntary manslaughter and to operating

a motor vehicle while under the influence of intoxicating liquor. Both of these offenses arose from the same accident. Under date of June 30, 1976, the clerk of court certified these convictions to the Director of Traffic Safety of the Department of Transportation, and in response thereto the Department suspended Parks' operating privileges for one year beginning June 4, 1976 and revoked his operating privilege for one year beginning June 4, 1977.

Parks states in this appeal that the only issue present is whether his case can be distinguished from *Morin*. Parks contends that in *Morin* there were two separate and distinct offenses committed, whereas in his case there is in fact only one offense, since the act of operating a motor vehicle while under the influence merged and is included in the act of involuntary manslaughter. Parks cites no authority for this contention.

We simply cannot accept this single-offense premise advanced by Parks as we are convinced that here, as in *Morin*, there were two separate and distinct offenses committed.

The lower court, in finding *Morin* controlling, correctly stated that, although "the facts in the instant case are somewhat different from those in Morin," nevertheless, "the holding in Morin is broad, and does not turn on such factual distinctions."

Accordingly, since we view our holdings in *Morin* to be dispositive of the issues raised in this appeal, we will affirm the order of the Court of Common Pleas of Columbia County.

Order affirmed.

ORDER

AND Now, this 22nd day of February, 1979, the order of the Court of Common Pleas of the 26th

Judicial District, Columbia County Branch, under date of July 12, 1977, dismissing the appeal of Carl E. Parks from the suspension and revocation of his motor vehicle operator's license, is hereby affirmed.