Harry F. Miller, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 6, 1980, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

472

*Gary T. Harris, Stuart, Murphy, Smith, Mussina, Harris & Rieders,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Francis P. Bach,* Assistant Attorney General, *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellee.

OPINION BY JUDGE ROGERS, July 1, 1980:

Harry F. Miller has appealed from an order of the Court of Common Pleas of Lycoming County affirming a decision of the Department of Transportation suspending his license for two consecutive six month periods. We affirm.

Miller was involved in an automobile accident on December 23, 1977 and was charged with driving under the influence of alcohol in violation of Section 3731 of the Vehicle Code, 75 Pa. C.S. §3731, and failing to stop at or return to the scene of an accident involving damage to property in violation of Section 3743, 75 Pa. C.S. §3743. Miller pleaded guilty to both charges and was sentenced to pay a fine of $350 and make restitution for the violation of Section 3731. Sentence for the conviction of Section 3743 was suspended.

After receiving a certified record of the convictions, the Department of Transportation's Bureau of

Traffic Safety notified Miller that his operator's license would be suspended for six months beginning April 4, 1978 for the violation of Section 3731 and that it would be suspended for an additional six months beginning October 4, 1978 for the violation of Section 3743. Miller appealed the second suspension to the Court of Common Pleas, arguing that it should run concurrently with the first suspension. The court dismissed his appeal and this appeal followed.

Miller argues that the Department of Transportation is without authority to issue consecutive license suspensions for violations arising out of one accident. We disagree. Section 1532(b) of the Vehicle Code, 75 Pa. C.S. §1532(b) provides in pertinent part:

  (b)  Suspension—

    (1)  The department [of Transportation] shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of any offense under the following provisions:

    . . . .

    Section 3731 [relating to driving under influence of alcohol or controlled substance].

    . . . .

    Section 3743 [relating to accidents involving damage to attended vehicle or property].

Miller says that the words "shall suspend . . . upon receiving a certified record" require the Department to suspend operating privileges immediately upon receipt of the certification and that the Department has no authority when it receives two certifications on the same day to postpone the beginning of the period of suspension for either offense until end of the period of suspension for the other. We rejected this argument in *Department of Transportation v. Morin*, 30 Pa. Commonwealth Ct. 381, 373 A.2d 1170 (1977),

474

where we held that a provision of The Vehicle Code of 1959,[1] requiring forthwith revocation of operating privileges for a one year period upon the Department's receipt of a certified record of conviction, did not prohibit the Department from imposing consecutive periods of revocation for multiple convictions and that it was intended only to require immediate notice to the violator of the suspensions. There, Judge (now President Judge) CRUMLISH wrote:

> Recognizing the deterrent effect of revocation as sanction for violations of the Code, it is incongruous that a multiple violator should, and could, expect a sanction equivalent to that imposed on a unitary violator. If this were so, there would exist little deterrent, if any, to those who are adjudged guilty of multiple violations of the Code.

30 Pa. Commonwealth Ct. at 385, 373 A.2d at 11-72-73. *See also Parks v. Commonwealth,* 40 Pa. Commonwealth Ct. 544, 398 A.2d 230 (1979).

Miller's argument that we must reach a different result under the new Vehicle Code is without merit. *See Brewster v. Commonwealth,* 52 Pa. Commonwealth Ct. 112, 415 A.2d 922 (1980) ; *Commonwealth v. Von Altimus,* 49 Pa. Commonwealth Ct. 245, 410 A.2d 1303 (1980).

Order affirmed.

---

[1] Section 616(a) of The Vehicle Code, Act of April 29, 1959, *as amended,* repealed by Act of June 17, 1976, P.L. 162, §7, formerly 75 P.S. §616(a), which provided in part:

> (a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privileges of any such person. . . .

## ORDER

AND Now, this 1st day of July, 1980, the order of the Court of Common Pleas of Lycoming County is affirmed.