### 517 A.2d 216

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Basil D. Martin, Appellee.

Submitted on briefs October 10, 1986, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Christopher J. Clements*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Counsel, *Spencer A. Manthorpe*, Chief Counsel, and *Henry G. Barr*, General Counsel, for appellant.

*James H. McCune, McCune and Vreeland*, for appellee.

OPINION BY JUDGE BARRY, November 6, 1986:

The Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Washington County which ordered that the appellee, Basil D. Martin, concurrently serve two mandatory terms of suspension of his operator's license.

On February 15, 1985, the appellee was arrested for drunken driving and asked to submit to a breathalyzer. He refused. On March 8, 1985, appellee's operator's license was suspended for twenty days because of an accumulation of points for violations unrelated to the present proceedings. On March 11, 1985, he was stopped by police who discovered the twenty day suspension effective three days earlier. DOT subsequently, in separate notices, informed the appellee that his operator's license was being (1) suspended for twelve months pursuant to 75 Pa. C. S. §1547 for refusing to submit to the breathalyzer and (2) suspended for six months pursuant to 75 Pa. C. S. §1543 for driving while his operator's license had been suspended. He appealed both actions to the Court of Common Pleas of Washington County which, in separate proceedings, upheld the actions of DOT. Neither was appealed to this Court. On

October 18, 1985, the trial court entered an order which directed that the six month suspension be served concurrently with the twelve month suspension. This appeal by DOT followed.

Section 1544(c) of the Vehicle Code explicitly provides, "[w]hen any person's record shows an additional conviction calling for revocation of the operating privilege during a period of suspension, *the department shall add the appropriate revocation onto the period of suspension* and the person shall be so notified in writing." 75 Pa. C. S. §1544(c) (emphasis added). We have held that it is proper for penalties imposed for separate violations of the Vehicle Code to be imposed consecutively. *Parks v. Commonwealth,* 40 Pa. Commonwealth Ct. 544, 398 A.2d 230 (1979); *Morin v. Department of Transportation, Bureau of Traffic Safety,* 30 Pa. Commonwealth Ct. 381, 373 A.2d 1170 (1977). In both *Parks* and *Morin,* the consecutive penalties arose from separate offenses which were part of the same driving incident. If a valid argument could be made for concurrent penalties, the argument would be stronger when the offenses were part of the same driving incident. Our prior case law shows, however, that we do not recognize any validity to this argument. As the offenses here were totally unrelated, the order imposing concurrent penalties was obvious error.

Reversed.

### ORDER

Now, November 6, 1986, the October 18, 1985 order of the Court of Common Pleas of Washington County at No. 51 June Term, 1985, A. D., is reversed and the orders of the Department of Transportation are reinstated.