533 A.2d 1154

Regis F. Schulz, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs October 5, 1987, to Judges CRAIG, DOYLE and BARRY, sitting as a panel of three.

*Michael S. Geisler,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Christopher J. Clements,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, *Morey Myers,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, December 4, 1987:

Regis F. Schulz (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County dismissing his appeal from an order of the Department of Transportation (DOT) suspending his operator's license for a period of one year. We affirm the decision of the trial court to dismiss the appeal and remand solely for calculation of counsel fees and other damages because of Appellant's frivolous appeal.

The facts in this matter are not in dispute. On October 6, 1984, Appellant was arrested for driving under the influence.[1] Three days later, on October 9, 1984, Appellant was again arrested and charged with driving under the influence. Appellant pleaded guilty to both charges on January 24, 1985, and received concurrent jail sentences.

On March 28, 1985, Appellant was notified by DOT of a one-year suspension of his operator's license effective May 2, 1985, stemming from the October 6, 1984 violation.[2] Appellant did not appeal from this suspension. On April 10, 1985, Appellant received another one-year suspension for the October 9, 1984 violation. The effective date of this suspension was May 2, 1986, to begin after the first suspension.

Appellant's appeal of the second suspension was dismissed by the common pleas court after a hearing, and Appellant appeals to this Court.

Appellant's sole argument is that, since he pleaded guilty to both charges of drunk driving at a single hearing, and since the two guilty pleas were reported to DOT simultaneously, Appellant should have been given two concurrent, rather than consecutive, one-year suspensions.

---

[1] Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731.

[2] The suspension was imposed pursuant to Section 1532(b)(3) of the Vehicle Code, 75 Pa. C. S. §1532(b)(3).

This contention is utterly devoid of merit, and we believe constitutes a frivolous appeal. This Court has consistently held that Section 1544 of the Vehicle Code[3] mandates that DOT impose add-on and consecutive periods of suspension or revocation, and they cannot be imposed concurrently. *See, e.g., Department of Transportation, Bureau of Driver Licensing v. Martin,* 102 Pa. Commonwealth Ct. 23, 517 A.2d 216 (1986); *Department of Transportation, Bureau of Traffic Safety v. Gibboney,* 51 Pa. Commonwealth Ct. 221, 414 A.2d 408 (1980); *Department of Transportation, Bureau of Traffic Safety v. Von Altimus,* 49 Pa. Commonwealth Ct. 245, 410 A.2d 1303 (1980). The order of the common pleas court, therefore, is affirmed.

In our view, Appellant's appeal to this Court was taken without any likelihood of success. *See Langmaid Lane Homeowners Association Appeal,* 77 Pa. Commonwealth Ct. 53, 465 A.2d 72 (1983). In fact, the only authority cited by Appellant, *Department of Transportation, Bureau of Traffic Safety v. Morin,* 30 Pa. Commonwealth Ct. 381, 373 A.2d 1170 (1977), is contrary to Appellant's position. Accordingly, we agree with DOT that the appeal here is frivolous within the meaning of Pa. R. A. P. 2744, and we will remand this matter to the trial court for determination of counsel fees and such other damages as it deems just.

## ORDER

The order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed. It is further ordered that this case is to be remanded to the Court of Common Pleas of Allegheny County for determination of counsel fees and other damages as provided by Pa. R. A. P. 2744.

Jurisdiction relinquished.

---

[3] 75 Pa. C. S. §1544.