543 A.2d 231

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Augusto Gonzalez, Appellee.

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Augusto Gonzalez, Appellee.

Submitted on briefs March 11, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, *John L. Heaton,* for appellant.

*David S. Shrager,* for appellee.

OPINION BY SENIOR JUDGE BLATT, June 22, 1988:

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the orders of the Court of Common Pleas of Allegheny County dismissing the appeals of Augusto Gonzalez (appellee), but ordering that the suspensions of his operating privilege shall run concurrently. We will affirm in part and reverse in part.

The appellee was cited on May 21, 1985 for violating Section 3731 of the Vehicle Code (Code), *as amended,* 75 Pa. C. S. §3731 (driving under influence of alcohol or controlled substance). He was later cited on November 22, 1985 for another violation of Section 3731. He was convicted on March 26, 1986 for both incidents. DOT sent the appellee two separate notices for each violation, ordering two separate suspensions pursuant to Section 1532 of the Code, *as amended,* 75 Pa. C. S. §1532; the first to become effective on June 12, 1986, and the second to begin on June 12, 1987.

The appellee appealed both suspensions, and these appeals were heard together by the trial court. The appeals were dismissed, but the trial court ordered that

the suspensions shall run concurrently rather than consecutively. DOT has appealed that decision to this Court, arguing that Section 1544 of the Code, 75 Pa. C. S. §1544, requires that mandatory periods of suspension be served consecutively. We agree.

This issue was recently addressed from a slightly different angle, but with very similar facts, in the case of *Schulz v. Department of Transportation,* 111 Pa. Commonwealth Ct. 456, 533 A.2d 1154 (1987). In *Schulz,* the licensee argued that because he had pled guilty to his two separate violations of Section 3731 at the same hearing, and because both guilty pleas were reported to DOT simultaneously, he should have been given concurrent, rather than consecutive, suspensions. Judge DOYLE wrote that "[t]his Court has consistently held that Section 1544 of the Vehicle Code mandates that DOT impose add-on and consecutive periods of suspension or revocation, and they cannot be imposed concurrently." *Id.* at 458, 533 A.2d at 1155 (footnote omitted). We will once again uphold this sound logic and conclude that the trial court has committed an error of law by ordering concurrent suspensions in the instant case.

We will, accordingly, reverse the decision of the trial court ordering concurrent suspensions and order that the two consecutive suspensions be reinstated.

## ORDER

AND NOW, this 22nd day of June, 1988, the orders of the Court of Common Pleas of Allegheny County entered at No. 913 S. A. 1986 and No. 914 S. A. 1986 on October 1, 1986 in the above-captioned matter are hereby reversed insofar as they order concurrent suspensions of the operating privilege of Augusto Gonzalez and affirmed insofar as they dismiss his appeals. It is further ordered that the two consecutive one-year suspensions imposed by the Department of Transportation are reinstated.