628 A.2d 1208

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**John Andrew LESCISIN.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 16, 1993.

Decided July 8, 1993.

Timothy P. Wile, Asst. Counsel In–Charge of Appellate Section, for appellant.

No appearance for appellee.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT), appeals an order of the Allegheny County Court of Common Pleas ordering the concurrent running of two 90–day driver license suspensions imposed by DOT against John Lescisin pursuant to Section 13(m) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act),[1] 35 P.S. § 780–113(m).

On March 23, 1991, Lescisin committed two violations of the Drug Act. Both violations were joined in one criminal information. On January 24, 1992, Lescisin was convicted of both violations. Specifically, he was convicted under Section 13(a)(16) of the Drug Act, 35 P.S. § 780–113(a)(16) and Section 13(a)(31) of the Drug Act, 35 P.S. § 780–113(a)(31).[2] In March 1992, DOT notified Lescisin that his driver's license would be suspended for 90 days for each of the two violations pursuant to Section 13(m) of the Drug Act. At the time of the suspensions, section 13(m) read in pertinent part:

1. Act of 1972, April 14, P.L. 233, *as amended,* 35 P.S. §§ 780–101–780–144.

2. Section 13(a) of the Drug Act and its relevant subsections provide:
   (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

   ....

   (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act....

   ....

   (31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale....
   Violation of subsection (16) is a misdemeanor punishable upon first conviction by imprisonment not exceeding one year or a fine not exceeding five thousand dollars, or both. 35 P.S. § 780–113(b). Violation of subsection (31) is a misdemeanor punishable by imprisonment not exceeding one year or a fine not exceeding five hundred dollars, or both. 35 P.S. § 780–113(g).

Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon conviction for a violation of this act, shall have his or her operating privilege suspended.... When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

(1) For a first offense, a period of 90 days from the date of suspension.[3]

(2) For a second offense, a period of one year from the date of suspension.

(3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively.

▓ Lescisin appealed his suspensions to the trial court, where his counsel argued that the suspensions should run concurrently, rather than consecutively. The trial court ordered that the suspensions run concurrently. DOT now appeals to this Court.[4]

▓ DOT contends that the trial court erred because the last sentence of section 13(m) mandates consecutive suspensions. We agree. In this case, we have multiple suspensions. The statute clearly requires multiple suspensions to be imposed consecutively.

At the trial court hearing, Lescisin's counsel argued that the consecutive suspension provision applies *only to third and subsequent offenses*, because the provision is located in subsection (3) of section 13(m). We reject this argument. The Legislature specifically provided for the application of consec-

3. This provision was subsequently amended to provide for a six month suspension for a first offense.

4. Our scope of review of a common pleas court decision in a license suspension case is limited to determining whether the court made findings of fact unsupported by substantial evidence, committed an error of law or abused its discretion. *Waigand v. Commonwealth,* 68 Pa.Commonwealth Ct. 541, 449 A.2d 862 (1982).

utive terms to "*[a]ny*" multiple suspensions imposed. This language is unambiguous. The Legislature did not say, for example, "any multiple suspensions under subsection (3)," or "any multiple suspensions imposed for third or subsequent offenses." The consecutive suspension provision, appearing at the end of section 13(m) and reading as it does, most plausibly applies to the whole of section 13(m) rather than to only the immediately preceding clause. While technically the statute might have been better drafted if the provision was separated from the last clause, we cannot ignore the provision's unambiguous language.[5]

■ Lescisin also argued below that because he was sent only one criminal information and only one criminal hearing was held, his two suspensions should run concurrently. The trial court explicitly accepted this argument. We find no authority for the trial court's rationale, particularly in light of the mandatory consecutive suspension provision discussed above. It is undisputed that Lescisin committed two violations and received two criminal convictions. The statute provides that a person, "upon conviction for a violation of this act, shall have his or her operating privilege suspended." The procedural history of the criminal convictions is therefore irrelevant to this case.[6]

Accordingly, we reverse the order of the trial court insofar as it permitted Lescisin's two 90–day suspensions to be served concurrently. The case is remanded to the trial court so that it may order Lescisin's license suspended for a total of 180 days for the two 90–day suspensions, less time already imposed.

5. In light of our conclusion that there is a statutory provision applicable to this case, we need not reach the question of whether the suspensions should have run consecutively even absent the specific statutory provision.

6. Lescisin's argument below might have had some remote relevance had DOT imposed a 90–day suspension for a first offense and a one-year suspension for a second offense. *See Frontini v. Department of Transportation*, 527 Pa. 448, 593 A.2d 410 (1991). In the case before us, however, DOT only imposed suspensions for a first offense.

## ORDER

AND NOW, this 8th day of July, 1993, the order of the Allegheny County Court of Common Pleas, No. SA 1265 of 1992, dated July 15, 1992, is hereby reversed insofar as it permitted the Appellee's two 90–day suspensions to run concurrently. The case is remanded to the trial court so that it may order the Appellee to undergo a total 180–day suspension for the two 90–day suspensions, less time already imposed.

Jurisdiction relinquished.

Friedman, J., dissents.