**Markos Jason XENAKIS**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 11, 1997.

Decided Aug. 22, 1997.

Publication Ordered Nov. 17, 1997.

---

Barbara A. Darkes and Timothy P. Wile, Harrisburg, for appellant.

Bonnie Brimmeier, Pittsburgh, for appellee.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Allegheny County that sustained the license suspension appeal of Markos Jason Xenakis (Licensee). DOT questions whether Section 1532(d) of the Vehicle Code, 75 Pa. C.S. § 1532(d), authorizes DOT to impose three consecutive 90–day suspensions on Licensee's operating privilege for his convictions; whether Section 1532(d) of the Vehicle Code mandates that DOT impose three consecutive 90–day suspensions where Licensee was convicted of three separate offenses, all occurring on the same date; and whether the trial court exceeded its scope of review by crediting Licensee with time served for his suspensions.

Licensee was convicted on October 4, 1995 for violating Sections 6307 and 6308, *as amended,* and 6310.3 of the Crimes Code, 18 Pa.C.S. §§ 6307, 6308 and 6310.3. Section 6307 pertains to the misrepresentation of age to secure liquor, malt or brewed beverages; Section 6308 relates to the purchase, consumption, possession or transportation of liquor, malt or brewed beverages; and Section 6310.3 refers to the carrying of a false identification card. For each conviction, Licensee received a notice from DOT that his operating privilege was suspended for a 90–day period.

At the de novo hearing on Licensee's appeal, the trial court admitted into evidence DOT's certified documents which included certifications of Licensee's October 4, 1995 convictions. Licensee stated that at the time of his convictions, he was not advised that each conviction would result in a separate mandatory suspension period, and he argued that because each conviction arose from a single incident, only a single 90–day suspension period was mandated under Section 1532(d) of the Vehicle Code.[1] Licensee also

---

1. A license suspension is a collateral civil consequence of a criminal conviction, and there is no requirement that a criminal court advise a licensee that his or her conviction will result in a license suspension. *Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174, *cert. denied,* 513 U.S. 884, 115 S.Ct. 223, 130 L.Ed.2d 149 (1994).

contended that he had served 120 days of suspension or 30 days more than required. The trial court sustained the appeal after determining that a single 90–day suspension period was proper where the charges arose from a single incident and that Licensee had fully served his suspension.

Essentially DOT argues that the trial court erred in sustaining Licensee's appeal because, pursuant to Section 1532(d) of the Vehicle Code, DOT is required to impose a 90–day suspension upon notification of Licensee's convictions under the Crimes Code. Section 1532(d), in pertinent part, states:

> **Additional suspension.**—[DOT] shall suspend the operating privilege of any person upon receiving a certified record of the driver's conviction, adjudication of delinquency or admission into a preadjudication program for a violation under 18 Pa.C.S. § 6307 (relating to misrepresentation of age to secure liquor or malt or brewed beverages), 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) or 6310.3 (relating to carrying a false identification card). . . .

Section 1532(d) further provides that the term of suspension for a first offense is 90 days; one year for a second offense; and two years for a third or subsequent offense. The section also provides that multiple suspensions are to be served consecutively.

■ Licensee was convicted of three separate offenses related to an incident that occurred on September 27, 1995. Separate 90–day suspensions are warranted where each offense is characterized separately and none of the offenses are lesser-included offenses of the others. In *Department of Transporta-*

*tion, Bureau of Driver Licensing v. Maddesi,* 138 Pa.Cmwlth. 467, 588 A.2d 580 (1991), this Court held that separate administrative penalties for multiple violations arising from the same act are prohibited only where proof of one violation also proves another violation.

In addition to *Maddesi,* DOT cites numerous cases in which the Court determined that multiple convictions could arise from a single incident, resulting in multiple suspensions. *See, e.g., Department of Transportation, Bureau of Driver Licensing v. Lescisin,* 156 Pa.Cmwlth. 666, 628 A.2d 1208 (1993); *Department of Transportation, Bureau of Traffic Safety v. Bishop,* 102 Pa.Cmwlth. 483, 518 A.2d 897 (1986); *Parks v. Commonwealth,* 40 Pa.Cmwlth. 544, 398 A.2d 230 (1979).[2] Licensee's attempt to distinguish these cases by arguing that they did not pertain to the particular offenses for which Licensee was convicted is unpersuasive. Licensee's argument makes a distinction without a difference.

Licensee violated Section 6307 of the Crimes Code when he presented himself to a licensed dealer, distributor or other person and falsely represented that he was 21 years of age or older in order to obtain alcoholic beverage. Licensee violated Section 6308 when, among other things, he purchased and consumed an alcoholic beverage. He violated Section 6310.3 by carrying an identification card that falsely identified the name, age, date of birth or photograph of Licensee as being 21 years of age or older. Different offers of proof are required to convict under each of the offenses, which by their terms are separate and distinct.

This Court's scope of review of the trial court's order is limited to determining whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Walsh,* 146 Pa.Cmwlth. 461, 606 A.2d 583 (1992).

2. In *Lescisin* the Court upheld DOT's imposition of two suspensions each classified as a suspension for a first offense, where the licensee was convicted of knowingly or intentionally possessing a controlled or counterfeit substance and for the possession of marijuana for personal use or

with intent to distribute. *Bishop* is cited for the Court's determination that a conviction for driving on the wrong side of the road and for improper passing is a separate and distinct offense from a speeding conviction and that these violations do not coalesce into a single act merely because the violations arose during one continuous driving period. *Parks* stands for the proposition that even though the convictions of involuntary manslaughter and for driving while under the influence of alcohol materialized from the same incident, the violations were separate and distinct thereby warranting the imposition of two administrative penalties.

Licensee relies on *Department of Transportation, Bureau of Driver Licensing v. Perruso,* 160 Pa.Cmwlth. 49, 634 A.2d 692 (1993), *appeal denied,* 538 Pa. 650, 647 A.2d 904 (1994), where the Court determined that DOT improperly imposed a 90–day suspension for a first-offense drug violation and a one-year suspension for a second-offense drug violation. The convictions stemmed from the same incident, and the licensee had no prior convictions. *Perruso* is distinguishable because the Court's determination related solely to the validity of DOT's decision to treat and characterize one of the violations as a second offense, requiring an enhanced term of suspension, rather than characterizing the conviction as an additional first offense.

■ Here, DOT did not use an enhancement provision but instead imposed a first offense 90–day suspension for each violation. Each conviction arising from a separate act merits punishment, *Brosius v. Department of Transportation, Bureau of Driver Licensing,* 664 A.2d 199 (Pa.Cmwlth.1995), and under Section 1544(b) of the Vehicle Code, 75 Pa. C.S. § 1544(b), all suspensions imposed upon a licensee's operating privilege are to be served consecutively. *Parks; Lescisin.*

■ The trial court may not credit a licensee's suspension for time served because DOT is better able to determine issues of credit, and its determinations are ultimately appealable to this Court. *Department of Transportation, Bureau of Driver Licensing v. Cardell,* 130 Pa.Cmwlth. 516, 568 A.2d 999 (1990). Because Licensee was convicted for three separate and distinct violations of the Crimes Code, DOT had the authority to impose three consecutive 90–day suspensions. The trial court's order is therefore reversed, and the suspensions are reinstated.

### *ORDER*

AND NOW, this 22nd day of August, 1997, the order of the Court of Common Pleas of Allegheny County is reversed, and the license suspensions of Markos Jason Xenakis are hereby reinstated, less any applicable credit to be determined by the Department of Transportation for the period of suspension already served by Mr. Xenakis.