# PennDOT v. Zanicky

C.P. of Butler County, no. 98-40230.

*Jeffrey L. Giltenboth,* for plaintiff.
*Richard E. Goldinger,* for defendant.

DOERR, *J.*, May 5, 1999—Before the court is Mr. Zanicky's petition for leave to appeal suspension of operating privileges and for supersedeas.

## BRIEF FACTUAL BACKGROUND

On January 17, 1996, Mr. Zanicky was charged with 34 counts of false application, 75 Pa.C.S. §7121, and four counts of altered documents, 75 Pa.C.S. §7122. Mr. Zanicky pleaded guilty to these charges on May 7, 1998 and he was convicted on June 11, 1998. Mr. Zanicky had no prior convictions for these offenses before entry of his plea.

The Department of Transportation sent Mr. Zanicky 38 separate notices dated July 6 and July 8, 1998, each one informing him that his operating privileges were suspended for a period of one year. The suspension would commence on July 26, 1998 and expire in the year 2037.

Mr. Zanicky argues that his operating privileges should not be suspended for the entire period of time but rather for a period of time that corresponds to one continuing episode. Mr. Zanicky further argues that a 38-year suspension is excessive and unjust civil penalty.

## LEGAL ANALYSIS

Statutes such as sections 7121 and 7122 of the Vehicle Code "provide for enhanced penalties for individuals with a propensity to commit repeated offenses of the same type." Compare *Frontini v. PennDOT,* 527 Pa. 448, 452, 593 A.2d 410, 412 (1991). "Recidivist statutes serve the legitimate public policy of segregating from society those persons with propensities to commit crime, who by their repeated criminal acts demonstrate their unwillingness or inability to be rehabilitated." *Id.*

Viewing the provisions of sections 7121, 7122 and 1532A in terms of the *Frontini* analysis, the court finds that a person must have a prior "conviction" in order to be subject to the enforcement provisions. Until an offender has been convicted, the deterrent effect of the enforcement statute is not activated because only after the first conviction is the offender aware that further offending behavior will lead to more severe penalties.

In addition, the court finds that if the violations arise from one episode, *i.e.,* the same actions on different days, and the offender has no prior convictions, multiple convictions arising from a single criminal episode are a first offense under sections 7121 and 7122. Compare *PennDOT v. Hardy,* 160 Pa. Commw. 427, 635 A.2d 230 (1993).

The court distinguishes the instant matter from the recent Commonwealth Court holding in *Xenakis v. PennDOT,* 702 A.2d 572 (Pa. Commw. 1997). Here, the licensee had no prior convictions. In addition, the second and subsequent offenses in *Xenakis* were characterized as an additional first offense and not as an enhanced term of suspension. The court also finds that the offenses in *Xenakis* were separate and distant and they did not constitute a single criminal episode.

The court concludes that the appropriate penalty for Mr. Zanicky's conviction, albeit on 34 counts of false application and four counts of altered documents, was a suspension of one year for a single criminal episode for false application and one year for a single criminal episode of altered documents. Before this plea agreement, Mr. Zanicky had no previous convictions for purposes of sections 7121 and 7122. The intent of the state legislature to punish a true repeating offender would be frustrated if the offender received multiple

suspensions without having an opportunity to change his offensive behavior.

## ORDER

And now, May 5, 1999, it is hereby ordered and decreed, for the reasons stated in the foregoing memorandum opinion, that John Thomas Zanicky, as a result of his conviction on June 11, 1998 of 34 counts of false application and four counts of altered documents, shall receive a suspension of his operating privileges for a period of two years.