Bradley HELLER

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Bradley Heller, Appellant

v.

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.

Commonwealth Court of Pennsylvania.

Submitted Oct. 29, 2004.
Decided Feb. 8, 2005.

Terrance M. Edwards, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

William J. Honig, Norristown, for appellee.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Bradley Heller (Heller) and the Department of Transportation, Bureau of Driver Licensing (DOT) appeal and cross-appeal from a decision of the Court of Common Pleas of Montgomery County (trial court) which revoked the order of the Director of the Bureau of Traffic Safety and suspended Heller's operating privilege for one year for violating Section 3732 of the Vehicle Code, 75 Pa.C.S. § 3732 (relating to homicide by vehicle), and for an additional six months for his violation of Section 3367 of the Vehicle Code, 75 Pa.C.S. § 3367 (relating to racing on highways). The trial court set the suspensions to run consecutively and the effective date of the suspensions was to be March 21, 2003, the date of Heller's convictions. The trial court further found that Heller served a portion of his suspension from March 21, 2003 through October 9, 2003. We affirm in part and reverse in part.

On March 4, 2002, Heller was involved in an incident which resulted in his being charged in a criminal complaint with homicide by vehicle, racing on highways and driving too fast for conditions. He was arraigned by the district justice and bail was set. On April 1, 2002, a preliminary hearing was held before the district justice at the conclusion of which the district justice added the condition that Heller not operate a motor vehicle. Pursuant to this requirement, Heller did not operate a motor vehicle until after October 9, 2003, when the condition was lifted by operation

of law. Heller had attempted to surrender his license to the district justice but the district justice would not take the license.

Heller was convicted on March 21, 2003. Heller was sentenced on September 15, 2003. On November 12 and 13, 2003, DOT sent Heller three notices of License Suspension, notifying him that his operating privileges would be suspended for a period of three years for his conviction of homicide by vehicle, six months for his conviction of racing on highways and an additional ten days for his conviction of driving too fast for conditions. Heller timely appealed the suspensions on December 9, 2003.

On March 1, 2004, a *de novo* hearing was held before the trial court. Evidence was presented, the district justice testified and a stipulation was entered that Heller and his parents would testify that Heller did not, pursuant to the district justice's order, operate a motor vehicle from April 1, 2002 until October 9, 2003. The trial court revoked the order of the Director of the Bureau of Traffic Safety and ordered as follows:

1. Petitioner's operating privilege is suspended for one (1) year for his conviction of Homicide by Vehicle.

2. Petitioner's operating privilege is suspended for six (6) months for his conviction of Racing on Highways.

3. The suspensions are to run consecutively.

4. The effective date of the suspensions is March 21, 2003, the date of Petitioner's convictions.

5. Petitioner has served a portion of his suspension, from March 21, 2003 to October 9, 2003.

The Pennsylvania Department of Transportation is hereby Ordered to determine the new effective date for the balance of Petitioner's suspension in accordance with this Order.

Trial Court Opinion, March 17, 2004, at 1. The trial court also found that Heller's conviction for driving too fast for conditions was a lesser included offense of the racing on highways conviction and, therefore, eliminated the ten day suspension for driving too fast for conditions. Heller and DOT appealed to our Court.[1]

On appeal, Heller contends that the trial court erred in finding that Heller's conviction for homicide by vehicle and racing on highways warranted separate suspensions and that they would run consecutively; and erred and abused its discretion in failing to set the commencement date of Heller's suspension at April 1, 2002.

DOT, on appeal, contends that the trial court erred in ruling that the date of Heller's conviction was March 21, 2003, when he pled *nolo contendere* to the charge of homicide by vehicle, rather than September 15, 2003, when he was sentenced for this violation; in ruling that Heller's driving too fast for conditions conviction is a lesser included offense of his racing on highways conviction; in ruling that the trial court had the authority to assign an effective date for the commencement of Heller's service of his operating privilege suspensions, where Heller never actually surrendered his driver's license; and in ruling that the trial court had the authority to determine the amount of administrative credit earned by licensee.

First, we must address the date of conviction. Section 6501 of the Code, 75 Pa.

---

1. Our review is limited to determining whether the trial court's findings are supported by substantial evidence and whether it committed an error of law or abused its discretion.

*Department of Transportation, Bureau of Driver Licensing v. Moss,* 146 Pa.Cmwlth. 330, 605 A.2d 1279, *petition for allowance of appeal denied,* 532 Pa. 648, 614 A.2d 1144 (1992).

C.S. § 6501 provides in pertinent part as follows:

Definition of conviction

(a) General rule.—For the purposes of this title a conviction includes a plea of guilty, a plea of nolo contendere, a finding of guilty by a court or an unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court.

(b) Payment of fine as guilty plea.—A payment by any person charged with a violation of this title of the fine prescribed for the violation is a plea of guilty.

(c) Certified record of convictions.—For the purpose of this title, a certified record of conviction includes a certified record of conviction from any Federal or state court and a certified record of administrative adjudication from any state. These records or copies of these records shall be admissible in any court of law without any need for further documentation.

75 Pa.C.S. § 6501.

■ The date of conviction is the date of "a judgment of guilt and there can be no judgment until a sentence is imposed." *Department of Transportation v. Chrzanowski,* 95 Pa.Cmwlth. 568, 505 A.2d 1129, 1130 (1986)(*citing, American Bank v. Felder,* 59 Pa. Superior Ct. 166 (1915)). In *Commonwealth v. Wolf,* 534 Pa. 283, 632 A.2d 864 (1993), the Supreme Court found that the date Wolf was sentenced for driving under the influence of alcohol was the date of his conviction. The Supreme Court further stated in a footnote as follows:

We recognize that a conviction, while generally finalized through imposition of a judgment of sentence, is also, as a practical matter, not final until appeals have been exhausted or the time for appeal has expired. However, given the procedural framework established by the Legislature, which requires the trial court and/or District Attorney to compel surrender of the driver's license, we conclude that the Legislature envisioned that the imposition of sentence constitutes a conviction for purposes of the mandatory suspension. (Citations omitted).

*Id.* at 288, 632 A.2d at 866.

■ Thus, in the present controversy, the trial court erred in determining that Heller's conviction date was the date he pled *nolo contendere.* Heller's conviction date was September 15, 2003, the date he was sentenced for his violations. As the mandatory suspension for homicide by vehicle went from one year to three years on April 4, 2003, Heller's license would be suspended for three years. The trial court erred in setting the commencement date of Heller's license suspension at March 21, 2003 and suspending his license for one year.[2]

Next, Heller contends that the trial court erred in ruling that his two suspensions were to be served consecutively rather than concurrently. Section 1544 of the Code provides in pertinent part as follows:

(b) Additional Suspension.—When any person's record shows an additional suspension of the operating privilege assessed during a period of suspension or revocation, the department shall extend

---

2. Heller's contention that the commencement date of his license suspension should have been set at April 1, 2002, the date the district justice told him not to drive, is not supported by substantial evidence of record. In order for a suspension or revocation to be effective, the licensee must have surrendered his "license to the court or district attorney...." Section 1540 of the Code. The record reveals that Heller never surrendered his license to anyone.

the existing period of suspension or revocation for the appropriate period and the person shall be so notified in writing. 75 Pa.C.S. § 1544.

In *Department of Transportation, Bureau of Driver Licensing v. Gonzalez,* 117 Pa.Cmwlth. 224, 543 A.2d 231 (1988), our Court determined that Section 1544 of the Code required that mandatory periods of suspension be served consecutively upon conviction for two incidents, even though both convictions occurred on the same date.

Heller was convicted of homicide by vehicle, racing on highways and driving too fast for conditions. The trial court found that the racing on highways conviction was not a lesser included offense of the homicide by vehicle conviction but that the driving too fast for conditions was a lesser included offense of the racing on highways conviction.

■ The doctrine of merger of related offenses "is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction." *Commonwealth v. Anderson,* 538 Pa. 574, 577, 650 A.2d 20, 21 (1994). The operative inquiry is whether the crimes involved are greater and lesser-included offenses. *Zimmerman v. Department of Transportation, Bureau of Driver Licensing,* 759 A.2d 953 (Pa.Cmwlth.2000). To determine whether offenses are greater and lesser-included offenses, we compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. *Anderson.* If both crimes require proof of at least one element that the other does not, then the sentences do not merge. *Id.*

■ The elements must be compared as charged in the case, taking into account the underlying factual circumstances of the offenses. *Commonwealth v. Comer,* 552 Pa. 527, 716 A.2d 593 (1998). However, if two offenses are mutually exclusive and the same evidence could not possibly have satisfied the distinct elements of the two crimes, then this Court cannot broadly construe the elements as to redefine them. *Commonwealth v. Collins,* 564 Pa. 144, 764 A.2d 1056 (2001). In addition, where two entirely separate offenses are involved, there can be no argument that one offense is a lesser-included offense of the other. *Richards,* 827 A.2d at 579. Separate offenses are involved if the actor "commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime." *Commonwealth v. Weakland,* 521 Pa. 353, 364, 555 A.2d 1228, 1233 (1989). Also, "when a criminal act has been committed, broken off, and then resumed, at least two crimes have occurred and sentences may be imposed for each." *Commonwealth v. Belsar,* 544 Pa. 346, 351–52, 676 A.2d 632, 634 (1996).

Homicide by vehicle is defined in Section 1 of the Code as follows:

Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a felony in the third degree, when the violation is the cause of death.

75 Pa.C.S. § 3732. Racing on highways is defined in pertinent part in Section 1 of the Code as follows:

No person shall drive a vehicle on a highway in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, exhibition of speed or acceleration, or for the purpose of making a speed record, and no person shall in any manner participate in any such race, competition, contest, test or exhibition.

75 Pa.C.S. § 3367. Driving too fast for conditions is defined in pertinent part in Section 1 of the Code as follows:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection ... and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa.C.S. § 3361.

■ The trial court was correct in determining that racing on highways was not a lesser included offense of homicide by vehicle. Homicide by vehicle and racing on highways require different evidence to prove the offenses. Homicide by vehicle requiring the negligent or recklessness of a driver causing the death of a person and racing on highways requires that a party participate in a race, speed competition ... on a highway. Both crimes require proof of at least one element that the other does not; therefore, the sentences do not merge. *Anderson.*

■ The trial court was not correct, however, in determining that driving too fast for conditions was a lesser included offense of racing on highways. The basic element of driving too fast for conditions is speed: 1. speed greater than reasonable and prudent under the conditions; 2. speed without regard to the hazards then existing; and 3. speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.

In order for racing on the highway to be a greater related offense within which to merge driving too fast for conditions as the lesser included offense, the elements of the lesser offence must all be included within the elements of the greater offense of racing on highways and then the greater offense must have at least one additional element before the offenses merge.

Here the greater offense, racing on the highways, has various elements: 1. race, 2. speed competition, 3. speed contest, 4. drag race, 5. acceleration contest, 6. test of physical endurance, 7. exhibition of speed or acceleration, 8. the purpose of making a speed record, 9. participation in any such race, competition, contest or exhibition. All of the elements of the lesser offense of driving too fast for conditions, while involving speed, are of a different nature from the elements in the greater offense of speed racing or competitive racing. All of the elements of racing, except the test of physical endurance possibly, require competition or a contest or exhibition of some kind, none of which are an element of driving too fast for conditions. Although speed is also involved in racing on highways, it cannot be assumed to be commensurate with the rate of speed which satisfies the elements of driving too fast for conditions. Merely because drivers are racing, that does not necessarily presuppose speeds greater than reasonable and prudent under the conditions without due regard to the hazards and at a speed which would not permit them to stop their vehi-

cles within the assured clear distance ahead, all of which are elements of the lesser included offense and are essential to be included in racing in order to merge the offenses.

Since all of the elements of the lesser included offense of driving too fast for conditions are not merged into the offense of racing on highways, the trial court erred in including driving too fast for conditions as a lesser included offense into racing on highways. Racing on highways does not require that the licensee was driving too fast for conditions.

■ Next, DOT contends that the trial court was not authorized to assign an effective date for the commencement of Heller's service of his operating privilege suspension. The trial court has the authority to determine whether DOT erred in determining the date Heller's suspension period should begin. *Waite v. Department of Transportation, Bureau of Driver Licensing*, 834 A.2d 1218 (Pa. Cmwlth.2003). The trial court can determine the commencement date of a license suspension when the licensee actually surrenders his driver's license to the court or district attorney. However, the record reflects that Heller never actually surrendered his driver's license to anyone. Thus, the trial court erred in assigning an effective date of March 21, 2003, for the commencement of Heller's service of his operating privilege suspension, as Heller never turned his license over to the trial court.

■ Finally, DOT contends that the trial court did not have the authority to determine whether Heller had earned any administrative credit towards his operating privilege suspension. As stated above, the trial court has the authority to determine whether DOT erred in determining whether Heller had earned any administrative credit towards his operating privilege suspension. *Waite.* However, the trial court erred in determining that Heller had earned administrative credit. Heller did not turn over his license to the trial court or to anyone else, thus, his license was not suspended for any period of time prior to such surrender.

Accordingly, we affirm in part and reverse in part the decision of the trial court.

### ORDER

AND NOW, this 8th day of February, 2005 the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed in part and reversed in part. The suspensions of Bradley Heller's operating privilege pursuant to 75 Pa.C.S. § 1532 and 1544 are to be reinstated within a reasonable period of time, the effective date being the date of sentencing, there is no time served and the three suspensions are to run consecutively.