IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Blairsville-Saltsburg School   :
District          :
            :
     v.        :
            :
Blairsville-Saltsburg Education   :
Association,        :   No. 1340 C.D. 2013
      Appellant    :   Argued: April 23, 2014

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
      HONORABLE BERNARD L. McGINLEY, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
      HONORABLE RENÉE COHN JUBELIRER, Judge
      HONORABLE P. KEVIN BROBSON, Judge
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY        FILED: August 20, 2014

    Blairsville-Saltsburg Education Association (Association)[1] appeals from the order of the Court of Common Pleas of Indiana County (trial court) which granted Blairsville-Saltsburg School District's (School District) Petition to Vacate Arbitration Award that reinstated Kevin L. Stoner's (Grievant) discharge.

    The School District employed Grievant as a teacher since 1988. On June 20, 2012, the School District's Board of Directors (School Board) voted to terminate Grievant's employment. At the time of his employment termination Grievant taught social studies to 7th and 8th grade students.

---

[1] The Association is the exclusive and sole representative for collective bargaining for all employees of the School District.

Grievant's criminal record history is uncontested. In 1987, Grievant was arrested in New York and charged with driving while intoxicated and operating a motor vehicle with .10% blood alcohol content (BAC). Both offenses were graded as misdemeanors. Grievant pled guilty to the traffic offense Driving While Ability Impaired under Section 1192.1 of the New York Vehicle and Traffic Law.

Thirteen years later, in 2000, Grievant was arrested in Pennsylvania and charged with driving under the influence of alcohol (DUI) and related charges. This offense was graded as a misdemeanor of the second degree. Grievant was accepted into the Accelerated Rehabilitative Disposition program. Grievant successfully completed the program and as a result, the charges were dismissed and the charges were expunged.

Ten years later, in 2010, Grievant was arrested and charged again with DUI in Westmoreland County, Pennsylvania. Given Grievant's BAC and the existence of the earlier DUI charge, this DUI was graded as a misdemeanor of the first degree.

On July 31, 2011, Grievant entered a guilty plea to DUI under 75 Pa.C.S. §3802(c), which involved the highest rate of alcohol and a second offense for sentencing purposes. Grievant was sentenced to five years' probation with the first five months on house arrest with electronic monitoring (ankle bracelet). Grievant was also ordered to surrender his driver's license for 18 months, complete an alcohol highway safety program and complete a court reporting network (CRN) evaluation.

Grievant's sister contacted the School District's Superintendent, Tammy Whitefield, Ph.D., (Dr. Whitefield), and told her of Grievant's 2010 DUI arrest. When confronted, Grievant admitted he was arrested for driving while impaired in 2010. Grievant informed Dr. Whitefield that he had attended Gateway Genesis, a rehabilitation center and that he was sober. Grievant later told Dr. Whitefield about the two prior offenses.

On January 20, 2012, the School District sent Grievant a Statement of Charges informing him that he was suspended without pay and that the administration recommended his dismissal based on these offenses. The School District asserted that the three incidents of driving while impaired constituted "immorality" which constituted "just cause" for terminating Grievant's employment under Section 1122 of the Public School Code,[2] 24 P.S. §11-1122.

The Association filed a grievance on Grievant's behalf and alleged that his termination was without just cause.

On November 6, 2012, an arbitration hearing was held. On March 13, 2013, the Arbitrator issued an Opinion and Award. The Arbitrator made the factual determination that the three incidents, each separated by a "great expanse of time," did not constitute a course or pattern of conduct sufficient to support a charge of immorality. Arbitrator's Opinion and Award, March 13, 2013, Finding of Fact (F.O.F.) Nos. 1-3, at 25. The Arbitrator also found that Grievant "is a recovered alcoholic who is now living the life of sobriety and who has clearly learned from his mistakes of being involved in drinking and driving." Arbitrator's

---

[2] Act of March 10, 1949, P.L. 30, *as amended*.

Opinion and Award, March 13, 2013, F.O.F. Nos. 7-8, at 25. The Arbitrator directed the School District to reinstate Grievant to his former position, but without payment of any wages or benefits he lost while he was suspended.

The School District petitioned to Vacate the Award. On July 12, 2013, the trial court granted the School District's Petition and reinstated Grievant's discharge. The trial court concluded that the Arbitrator's Award did nothing "to promote the public policy of protecting children from the dangers of alcohol." Trial Court Opinion, July 12, 2013, at 16. The trial court based its ruling on the fact that Grievant "has repeatedly consumed alcohol and made the decision to operate a vehicle" and that "instead of learning from his errors in judgment, the gravity of his offenses has increased." Id.

The "essence test" is the proper standard to be employed when this Court reviews a grievance arbitration award. Westmoreland Intermediate Unit No. 7 v. Westmoreland Intermediate Unit No. 7 Classroom Assistances Education Support Personnel Association, 939 A.2d 855 (Pa. 2007). The essence test requires a two-prong review. First, the court shall determine if the issue as properly defined is within the terms of the collective bargaining agreement. Second, if the issue is embraced by the agreement and appropriately before the arbitrator, the arbitrator's award will be upheld if the arbitrator's interpretation can rationally be derived from the collective bargaining agreement. Id. at 863.

In Westmoreland Intermediate Unit No. 7, the Supreme Court adopted a narrow exception, the "public policy" exception, to this highly deferential standard of review.

4

The "public policy" exception requires the court to consider whether the arbitrator's award "contravenes a well-defined, dominant public policy that is ascertained by reference to the laws and legal precedents and not from mere general considerations of supposed public interests." Westmoreland Intermediate Unit No. 7, 939 A.2d at 866.

The focus must be on whether the arbitration award, if enforced, would contravene public policy, not whether the grievant's misconduct violated public policy. Westmoreland Intermediate Unit No. 7. The arbitrator's findings of fact are binding on this Court. Bethel Park School District v. Bethel Park Federation of Teachers, Local 1607, 55 A.3d 154 (Pa. Cmwlth. 2012).

Here, the parties stipulated that the two-prong "essence test" was satisfied. That is, they agree that the matter was within the terms of the collective bargaining agreement (CBA) and the Award was rationally derived from the CBA.

Accordingly, the sole issue on appeal is whether the arbitrator's award which ordered reinstatement of Grievant violated an established public policy.[3]

---

[3] The Association listed four issues in its Statement of Questions Involved: (1) did the trial court err in its decision to vacate the award of the arbitrator by its finding that the award itself was in direct contravention of public policy; (2) did the trial court err in its finding that the public policy exception calls for a vacating of the award especially since the trial court found at pages 9 and 10 of its opinion that the two prongs of the essence test had been satisfied; (3) did the trial court err in ignoring the public policy that places great importance as to the rehabilitation of people who have had problems with alcohol and this error is especially egregious in light of the trial court's statement at page 16 that it appears that Mr. Stoner [Grievant] has been sober since August 5, 2010, and (4) did the trial court err in its failing to follow well-established case laws as to the highly deferential standard of review of public employee arbitration awards?
**(Footnote continued on next page…)**

In <u>Westmoreland Intermediate Unit No. 7</u>, there was a well-defined public policy of protecting children from exposure to drugs and drug use. The arbitrator's award, which placed the teacher back into the classroom while she was attempting recovery, violated that policy.

Here, there is a well-defined policy against drinking and driving under the influence. However, the Arbitrator found that Grievant was a recovered alcoholic. He no longer drank and drove. The Arbitrator found that in the months preceding the Award, Grievant had successfully attended a rehabilitation center and clearly learned from his mistakes. This Court is bound by those findings. So was the trial court. However, the trial court incorrectly revisited Grievant's conduct and concluded, contrary to the Arbitrator, that Grievant remained a threat to school-aged children based on his prior convictions. That was error.

The Arbitration Award which placed Grievant back into the classroom after he was rehabilitated did not violate this well-defined public policy.

The Order of the trial court is REVERSED.

_____
BERNARD L. McGINLEY, Judge

_____

**(continued…)**

All of these issues are subsumed in the issue as stated and this Court's disposition of that issue. The Court need not address them separately.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Blairsville-Saltsburg School District | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Blairsville-Saltsburg Education Association, | : | No. 1340 C.D. 2013 |
| Appellant | : | |

## O R D E R

AND NOW, this 20th day of August, 2014, the order of the Court of Common Pleas of Indiana County in the above-captioned matter is hereby REVERSED.

_____
BERNARD L. McGINLEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Blairsville-Saltsburg School : 
District : 
      : 
                v. : No. 1340 C.D. 2013
      : Argued: April 23, 2014
Blairsville-Saltsburg Education : 
Association, : 
                   Appellant :


BEFORE:     **HONORABLE DAN PELLEGRINI,** President Judge
                     **HONORABLE BERNARD L. McGINLEY,** Judge
                     **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                     **HONORABLE P. KEVIN BROBSON,** Judge
                     **HONORABLE PATRICIA A. McCULLOUGH,** Judge
                     **HONORABLE ANNE E. COVEY,** Judge


**OPINION NOT REPORTED**


**DISSENTING OPINION BY**
**JUDGE LEADBETTER**                   **FILED: August 20, 2014**


       With regret, I must respectfully dissent. This is an extremely sympathetic case, but I must conclude that Section 111(f.1)(3) of the Public School Code,[1] 24 P.S. § 1-111(f.1)(3), establishes a sufficient well defined public policy

---

[1] This section provides:

> If the report of criminal history record information or a form submitted by an employe under subsection (j) indicates the person has been convicted more than once for an offense under 75 Pa. C.S. § 3802(a), (b), (c) or (d) (relating to driving under influence of alcohol or controlled substance) and the offense is graded as a misdemeanor of the first degree under 75 Pa.C.S. § 3803 (relating to grading), the person shall be eligible for current or prospective

**(Footnote continued on next page…)**

against Grievant's reinstatement. Accordingly, I believe we are constrained to affirm the decision of the Court of Common Pleas.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

_____

**(continued…)**

        employment only if a period of three years has elapsed from the
        date of expiration of the sentence for the most recent offense.

Act of March 10, 1949, P.L. 30, *as amended*, added by Section 1 of the Act of June 30, 2011, P.L. 112.