IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colby Dane Mills            :
                                   :
          v.              : No. 89 C.D. 2020
                                   : Submitted: November 13, 2020
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,       :
                                   :
              Appellant   :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED: March 19, 2021


The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals the order of the Westmoreland County Court of Common Pleas (trial court) sustaining in part the statutory appeal of Colby Dane Mills (Licensee)[1] from an 18-month suspension of his operating privilege imposed by DOT pursuant to Section 1547(b)(1)(ii) of the Vehicle Code.[2] We reverse.

---

[1] By order dated November 12, 2020, Licensee was precluded from filing a brief in this matter after failing to comply with this Court's September 17, 2020 order directing him to do so within 14 days.

[2] 75 Pa. C.S. §1547(b)(1)(ii). This section authorizes DOT to suspend the driving privilege of a licensee for 18 months as a consequence of his refusal to submit to chemical testing in connection with his arrest for violating Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802 (relating to driving under the influence of alcohol or a controlled substance (DUI)).

On November 1, 2018, Licensee was arrested for violating Section 3802(a)(1) of the Vehicle Code, 75 Pa. C.S. §3802(a)(1), pertaining to driving under the influence of alcohol or a controlled substance (DUI). Reproduced Record (R.R.) at 53a. Licensee pled guilty on August 15, 2019, and he was sentenced to six months of probation. R.R. at 53a-54a. Licensee was arrested for a second DUI on January 27, 2019. *Commonwealth v. Colby Dane Mills* (C.C.P. Westmoreland County, No. CP-65-CR-0001112-2019); R.R. at 5a, 38a. Licensee pled guilty to this offense on August 15, 2019, as well. *Id.* Licensee's second sentence included 5 years of intermediate punishment, 180 days of electronic monitoring, ignition interlock requirements, a second CRN[3] evaluation, and the imposition of an 18-month license suspension. R.R. at 38a.

On February 11, 2019, DOT sent a notice to Licensee informing him that his operating privilege would be suspended for 18 months, effective March 18, 2019, as the result of his failure to submit to chemical testing on January 27, 2019. R.R. at 5a-8a.

Licensee appealed the suspension to the trial court, which held a hearing on December 17, 2019. R.R. at 12a. At the hearing, Licensee argued that the 18-month suspension for his DUI conviction imposed by the trial court and the 18-month suspension for refusal to submit to chemical testing imposed by DOT should run concurrently. *See* R.R. at 15a-16a. DOT noted that Licensee's criminal case is entirely separate from a suspension imposed under Section 1547 of the Vehicle Code. R.R. at 16a. The trial court partially granted Licensee's appeal, stating:

---

[3] "CRN" stands for court reporting network. *See Blairsville-Saltsburg School District v. Blairsville-Saltsburg Education Association*, 102 A.3d 1049, 1051 (Pa. Cmwlth. 2014).

It's granted in part as to the effective date of the sentence. It's denied in part in the part that requires an additional 18-month civil license suspension for the refusal. So, he will serve the 18-month suspension for the refusal, the civil penalty for refusal, but the effective date of that suspension, under the scenario of the documents, is going to be today, December 17, 2019. So it's my Order that the civil penalty begins running today.

R.R. at 26a-27a.

DOT filed a notice of appeal to this Court. R.R. at 62a. In its statement of errors complained of on appeal filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa. R.A.P. 1925(b), DOT first argued that the trial court lacked the authority to determine the effective date of the suspension's reinstatement given that the Vehicle Code places such authority in DOT. R.R. at 68a. Second, it argued that the trial court erred in finding that Licensee's license suspension related to his DUI conviction began on August 15, 2019, the day he was convicted and sentenced. *Id.* Lastly, DOT argued that the trial court erred in finding that the license suspension for the chemical testing refusal went into effect when Licensee's license was already suspended. R.R. at 69a.

The trial court then issued an order, rather than a Pa. R.A.P. 1925(a) opinion, stating as follows:

AND NOW, this 25th day of February, 2020, after a hearing and argument, and the submission of A Concise Statement of Errors Complained of on Appeal, pursuant to [Rule] 1925(b), this Court determines that it was in error in its original judgment and requests that the Superior Court [sic] reverse and remand for further action by the lower court.

R.R. at 71a.[4]

---

[4] We acknowledge the trial court's admission of error and its request for a remand, noting that once DOT filed its notice of appeal, the trial court could not have changed its order. *See* **(Footnote continued on next page…)**

3

In this appeal,[5] DOT contends that the trial court improperly ordered that Licensee's 18-month license suspension resulting from his refusal to submit to chemical testing became effective on December 17, 2019, given that Licensee was serving his earlier suspension imposed by the criminal trial court. We agree.

As a preliminary matter, the Vehicle Code authorizes the civil suspension of a licensee's operating privilege if the licensee, who is placed under arrest for DUI, is requested to submit to chemical testing and refuses to do so. 75 Pa. C.S. §1547(b). Section 1540(b)(3) of the Vehicle Code provides that the suspension, revocation, or disqualification of a licensee's operating privilege shall be effective upon a date determined by DOT. 75 Pa. C.S. §1540(b)(3). The Vehicle Code also gives DOT the authority to add on to a period of suspension "[w]hen any person's record shows an additional suspension of the operating privilege assessed during a period of suspension[.]" 75 Pa. C.S. §1544(b). Based on these provisions, we conclude that the trial court lacked the authority to order that Licensee's 18-month civil suspension became effective on December 17, 2019.

_____

**(continued…)**

Pa. R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). However, it could have explained its error in its order, which apparently was intended to serve as its Pa. R.A.P. 1925(a) opinion. In any event, the record in this matter is complete and DOT has fully briefed its issues raised on appeal. In the interest of judicial economy, we will address the merits of DOT's appeal.

[5] This Court's review in a license suspension case determines whether the factual findings of the trial court are supported by competent evidence, and whether the trial court committed an error of law or an abuse of discretion. *Nornhold v. Department of Transportation, Bureau of Driver Licensing*, 881 A.2d 59, 61 n.4 (Pa. Cmwlth. 2005).

4

Furthermore, the trial court lacked the authority to make Licensee's civil suspension concurrent to his criminal suspension. "This Court has consistently held that Section 1544 of the Vehicle Code mandates that DOT impose add-on and consecutive periods of suspension or revocation, and they cannot be imposed concurrently." *Schulz v. Department of Transportation*, 533 A.2d 1154, 1155 (Pa. Cmwlth. 1987) (footnote omitted). Because Licensee was serving his criminal suspension at the time of the December 17, 2019 hearing, the trial court erroneously made the civil suspension concurrent to the criminal suspension.

As this Court has observed, civil license suspensions following a refusal to submit to chemical testing "are mandatory civil penalties, imposed not for penal purposes, but to protect the public by providing an effective means of denying an intoxicated motorist the privilege of using our roads." *Department of Transportation, Bureau of Driver Licensing v. Lefever*, 533 A.2d 501, 503 (Pa. Cmwlth. 1987) (internal quotations omitted). Accordingly, we reverse the trial court's order requiring the civil suspension of Licensee's operating privilege as a result of his refusal to submit to chemical testing to begin on December 17, 2019. The civil suspension will begin on a date determined by DOT, upon notice to Licensee.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colby Dane Mills             :
                                :
        v.            : No. 89 C.D. 2020
                                  :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,       :
                                :
               Appellant  :

## **O R D E R**

AND NOW, this 19th day of March, 2021, the order of the Westmoreland County Court of Common Pleas dated December 17, 2019, is REVERSED, and the civil suspension of Colby Dane Mills'(Licensee) operating privilege will become effective on a date determined by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, with notice to Licensee.

_____
MICHAEL H. WOJCIK, Judge