**Cecelia POKOY, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 19, 1998.

Decided July 16, 1998.

Bryan S. Neiderhiser, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue on appeal is whether the Court of Common Pleas of Allegheny County (trial court) erred in upholding the suspension of Cecelia Pokoy's (Appellant's) driver's license by the Department of Transportation (DOT) where (1) the Clerk of Courts of Allegheny County did not notify DOT of Appellant's conviction under the Vehicle Code for almost four years, but (2) DOT promptly notified Appellant, upon receipt of notice from the Clerk of Courts, that her license was suspended due to the conviction. Because it did not err, the order of the trial court is affirmed.

The relevant facts are as follows. On August 19, 1993, Appellant was convicted of violating Section 1543 of the Vehicle Code (Code), 75 Pa.C.S. § 1543, for driving on a suspended license. Under Section 1543(c) of the Code, DOT was required to suspend Appellant's license for one year upon notice of the conviction from the Clerk of Courts.

In accordance with Section 6323(1) of the Code, 75 Pa.C.S. § 6323(1), the Clerk of Courts was required to send notice of Appellant's conviction to DOT within ten days of the judgment. The Clerk of Courts, however, was delinquent in this task and did not notify DOT until June 23, 1997, nearly four years after the conviction. DOT then issued the notice of the one-year license suspension to Appellant on July 17, 1997, twenty-four (24) days after it received notice of the conviction from the Clerk of Courts.

Appellant subsequently appealed her one-year suspension to the trial court, which upheld the suspension on the grounds that DOT was not responsible for the delay in imposing the license suspension and that she was not prejudiced by the delay. This appeal followed.

Raymond Radakovich, Pittsburgh, for appellant.

▪ On appeal,[1] Appellant argues that four years was an unreasonably long delay and that she has been prejudiced by the delay.

▪ In order for Appellant to successfully challenge DOT's license suspension, she bears the burden of establishing: (1) that there was an unreasonable delay *that was attributable to DOT;* and (2) that the delay caused her to believe that her operating privileges would not be impaired and that she relied on this belief to her detriment. *Department of Transportation, Bureau of Traffic Safety v. Maguire,* 114 Pa.Cmwlth. 581, 539 A.2d 484 (1988).

▪ Regarding the first element of this two-step analysis, the law is settled that, where DOT is not guilty of administrative delay, any delay caused by the judicial system (e.g., the Clerk of Courts) not notifying DOT in a timely manner, will *not* invalidate a license suspension that is authorized by the Code and imposed by DOT. *Fordham v. Department of Transportation, Bureau of Driver Licensing,* 663 A.2d 868 (Pa.Cmwlth.1995); *Department of Transportation, Bureau of Driver Licensing v. Green,* 119 Pa.Cmwlth. 281, 546 A.2d 767 (1988), *aff'd,* 524 Pa. 98, 569 A.2d 350 (1990). In determining whether there was an unreasonable delay attributable to DOT, the relevant time period is that between the point at which DOT receives notice of the driver's conviction from the judicial system and the point at which DOT notifies the driver that her license has been suspended or revoked. *Fordham.* In other words, only an unreasonable delay by DOT, and not the judicial system, invalidates DOT's license suspension.

▪ In this case, it is undisputed that all but twenty-four (24) days of the delay in notifying Appellant is attributable to the Clerk of Courts, which did not notify DOT of Appellant's conviction under the Code for nearly four years. It is also undisputed that,

upon receipt of the notice of conviction from the Clerk of Courts, DOT notified Appellant of the license suspension within twenty-four (24) days. Because the four year delay is not attributable to DOT and because twenty-four (24) days is a reasonable time period for DOT to notify Appellant of the license suspension,[2] the first element of the two-part test outlined above has not been established by Appellant. Because there was no unreasonable delay attributable to DOT, we need not reach the issue of whether Appellant suffered any prejudice. *See Fordham.*

DOT, in its brief, requests this Court to impose counsel fees against Claimant and her counsel under the provisions of Pa. R.A.P. 2744 for pursuing a frivolous appeal. Under the circumstances of this case, we decline to do so.

Accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 16th day of July, 1998, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

---

1. Our review is limited to determining whether the findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Scott,* 546 Pa. 241, 684 A.2d 539 (1996).

2. There is no definite period of time in which DOT must provide notice. The only requirement is that notice be provided within a reasonable time, and twenty-four (24) days is clearly reasonable. *See Fordham.*