**COMMONWEALTH of Pennsylvania**

v.

**VIENNA HEALTH PRODUCTS, INC.**

**Grafton Downs, Appellant.**

**Commonwealth of Pennsylvania**

v.

**Grafton Downs, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 1999.

Decided March 10, 1999.

David H. Acker, New Castle, for appellant.

Mark A. Bellavia, Senior Deputy Atty. General, Harrisburg, for appellee.

Before COLINS, President Judge, and FRIEDMAN, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether Grafton Downs (Downs) may be ordered to pay the unpaid criminal fines levied against a now-defunct corporation, of which he was the sole shareholder, where Downs was separately charged with the same crimes as the corporation and was either acquitted or convicted and served his sentence. We conclude that Downs cannot be ordered to pay the corporation's fines, and therefore reverse the order of the Court of Common Pleas of Lawrence County (trial court).

The relevant facts are as follows. In 1989, the Commonwealth filed separate criminal complaints against Downs and Vienna Health Products, Inc. (Vienna) for violations of the Solid Waste Management Act (Act),[1] stemming from an incident involving the mismanagement of hazardous waste. The complaint against Downs did not name Vienna as a defendant, nor did the complaint against Vienna name Downs as a defendant. Downs was the president and sole shareholder of Vienna.

Both Criminal Information No. 276, filed against Downs, and Criminal Information No. 280, filed against Vienna, charged the same four violations of the Act:

> *Count I:* An employee of Vienna Health Products, Inc. disposed of hazardous wastes ... in a manner not authorized by the rules and regulations of the DER, in violation of Section 401 of the Solid Waste Management Act ... 35 P.S. § 6018.401.

---

1. Act of July 7, 1980, P.L. 380, *as amended*, 35   P.S. §§ 6018.101–6018.1003.

*Count II:* An employee of Vienna Health Products, Inc. transported hazardous wastes, namely spent solvents ... within the Commonwealth without having first obtained a license to transport hazardous waste from the DER, in violation of Section 401 of the Solid Waste Management Act ... 35 P.S. § 6018.401.

*Count III:* Between November 1987 and April 12, 1988, an employee of Vienna Health Products, Inc. used the land of another person ... as a solid waste disposal area without having first obtained a permit from the DER, in violation of Section 501 of the Solid Waste Management Act ... 35 P.S. § 6018.501.

*Count IV:* Between November 1987 and April 12, 1988, an employee of Vienna Health Products, Inc. with the permission of Defendant transported residual waste ... to a disposal facility within the Commonwealth ... that did not have a permit from the DER ... in violation of Sections 301 and 303 of the Solid Waste Management Act ... 35 P.S. §§ 6018.301 and 6018.303.

Following a consolidated trial, a jury found Vienna guilty on all four counts. Downs was found guilty on Counts I and II but acquitted on Counts III and IV. On July 30, 1991, the trial court sentenced Vienna to fines totaling $70,000. For his conviction on Counts I and II, the trial court sentenced Downs to nine-months imprisonment, a $12,500.00 fine, and 750 hours of community service.

On March 18, 1997, after Downs had completed his term of imprisonment, paid his fines, and completed a portion of his community service for his conviction on Counts I and II, the Commonwealth filed a motion to enforce against Downs the sentence imposed on Vienna, which Downs dissolved in 1992 due to insolvency. By opinion and order dated December 16, 1997, the trial court granted the Commonwealth's motion and ordered Downs to pay Vienna's $70,000 unpaid fine within 90 days.

On appeal,[2] Downs argues that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the 14th Amendment,[3] prohibits the Commonwealth from punishing him for offenses of which he has already been convicted and served his sentence (Counts I and II) and acquitted (Counts III and IV). We agree.

In *Pearce,* the United States Supreme Court held that the Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishment for the same offense. In ordering Downs to pay the fines levied against Vienna for offenses of which Downs has been separately tried and either acquitted or convicted and served his sentence, the trial court has violated the prohibition on double jeopardy set forth in *Pearce.* In fact, Downs was not even afforded the "luxury" of being tried a second time for the crimes of which he has already been acquitted or convicted, with the trial court simply summarily ordering that he be punished for Vienna's crimes by paying a $70,000 fine.

The Commonwealth argues, and the trial court agreed, that Pennsylvania law permits the "piercing of the corporate veil" in order to prevent officers and shareholders of an insolvent business from escaping liability for the business' illegal acts. The general rule in Pennsylvania is that a corporation is to be treated as a separate and independent entity even if its stock is owned entirely by one person, as was the case with Vienna. *Knoll v. Butler,* 675 A.2d 1308 (Pa.Cmwlth. 1996), *affirmed,* 548 Pa. 18, 693 A.2d 198 (1997). However, factors which may, at times, justify disregarding the corporate form and holding the shareholder(s) liable include intermingling of personal and corporate affairs, undercapitalization, failure to adhere to corporate formalities, or using the corporate form to perpetrate a fraud. *Id.* In

---

**2.** Our review is limited to determining whether the findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or abuse of discretion. *Pokoy v. Department of Transportation, Bureau of* *Driver Licensing,* 714 A.2d 1162 (Pa.Cmwlth. 1998).

**3.** *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

this case, the Commonwealth asserts that Downs intentionally dissolved Vienna in order to avoid paying Vienna's $70,000 fine. Presumably, the Commonwealth believes that Downs has used Vienna to perpetrate a fraud. Unfortunately for the Commonwealth, there is no evidence of this whatsoever, nor is there any evidence to support any other grounds for "piercing the corporate veil."

Accordingly, the order of the trial court is reversed.

### O R D E R

AND NOW, this 10th day of March, 1999, the order of the Court of Common Pleas of Lawrence County in the above-captioned matter is hereby reversed.

Judge FRIEDMAN concurs in the result only.