# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert T. Currie                                  :
                                                  : No. 1819 C.D. 2015
                      v.                           : Submitted: April 22, 2016
                                                  :
Commonwealth of Pennsylvania,                     :
Department of Transportation,                     :
Bureau of Driver Licensing,                       :
                                                  :
                      Appellant                   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION BY SENIOR JUDGE FRIEDMAN              FILED:  June 16, 2016


The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the September 3, 2015, order of the Court of Common Pleas of Allegheny County (trial court) sustaining the appeal of Robert T. Currie (Licensee) from the one-year suspension of his operating privilege imposed pursuant to section 3804(e)(2)(i) of the Vehicle Code, 75 Pa. C.S. §3804(e)(2)(i).  We reverse.

On May 15, 2012, the trial court convicted Licensee of two counts of driving under the influence (DUI) for incidents occurring on July 20, 2011, and December 8, 2011.  The Allegheny County Department of Court Records (Records Department) certified the conviction arising from the July 20, 2011, DUI and transmitted it to DOT.  However, the Records Department did not certify the conviction arising from the December 8, 2011, DUI at that time.

After receiving certification of Licensee's conviction for the July 20, 2011, DUI, DOT suspended Licensee's operating privilege for one year, effective November 7, 2012. After the suspension period ended and Licensee paid the required fines, DOT restored Licensee's operating privilege on March 23, 2015.

On April 22, 2015, the Records Department certified Licensee's conviction from the December 8, 2011, DUI and transmitted it to DOT. On May 26, 2015, DOT suspended Licensee's operating privilege for one year, effective June 29, 2015.

Licensee filed a summary appeal from the May 26, 2015, notice of suspension with the trial court. On September 3, 2015, after a *de novo* hearing, the trial court sustained Licensee's appeal. In its Pa. R.A.P. 1925(a) opinion, the trial court acknowledged "the long line of cases holding that in order to sustain an appeal on the basis of unreasonable delay, the delay must be attributable to [DOT]." (Trial Ct. Op. at 3.) The trial court determined, however, that such a result would be unreasonable and unjust under the circumstances of this case.

> To sustain this particular license suspension where the delay was not caused by [DOT], and clearly not by [Licensee], but by the [Records Department] would result in prejudice to [Licensee] . . . . Moreover, it does not further the goal of the . . . Vehicle Code to maintain safety on public roads, when the suspension will take place three years after [Licensee's] conviction. Such a decision tends to undermine the public's confidence and trust in the judicial system and frustrate the reasonable expectations of the public that the courts treat defendants in a timely, fair and consistent manner.

2

(*Id.* at 4.) DOT now appeals from that decision.[1]

DOT contends that the trial court erred as a matter of law in sustaining Licensee's appeal based on unreasonable delay where the delay was not attributable to DOT. In light of this court's recent *en banc* decision on this issue, *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016) (*en banc*), we cannot agree.[2] However, because we conclude that, under *Gingrich*, the trial court abused its discretion in finding that Licensee was prejudiced by the delay, we reverse the trial court's decision.

As the trial court acknowledged in its opinion, prior case law consistently held that in order for a licensee to successfully challenge a suspension on the basis of unreasonable delay, the delay must be attributable to DOT. *See, e.g., Pokoy v. Department of Transportation, Bureau of Driver Licensing*, 714 A.2d 1162 (Pa. Cmwlth. 1998); *Department of Transportation, Bureau of Driver Licensing v. Green*, 546 A.2d 767 (Pa. Cmwlth. 1988), *aff'd*, 569 A.2d 350 (Pa. 1990). The general rule is that "where DOT is not guilty of administrative delay, any delay caused by the judicial system (e.g., the Clerk of Courts) [in] not notifying DOT in a timely manner, will *not* invalidate a license suspension." *Pokoy*, 714 A.2d at 1164.

---

[1] Our scope of review in a license suspension appeal is limited to determining whether the trial court's factual findings "are supported by competent evidence and whether the trial court committed an error of law or abuse of discretion." *Pokoy v. Department of Transportation, Bureau of Driver Licensing*, 714 A.2d 1162, 1164 n.1 (Pa. Cmwlth. 1998).

[2] Generally, Pennsylvania appellate courts "apply the law in effect at the time of the appellate decision." *Blackwell v. State Ethics Commission*, 589 A.2d 1094, 1099 (Pa. 1991). Thus, "'a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur[] before the judgment becomes final.'" *Id.* (citation omitted).

3

In *Gingrich*, however, this court created a limited exception to the unreasonable-delay rule. In that case, DOT imposed a one-year suspension of Gingrich's operating privilege, effective November 28, 2014, after receiving the clerk of courts' report that Gingrich was convicted of DUI on August 24, 2004. *Gingrich*, 134 A.3d at 529. Gingrich appealed to the trial court, which held a *de novo* hearing. *Id*.

At the hearing, DOT's counsel stated that the clerk of courts transmitted the report of Gingrich's 2004 conviction to DOT on October 10, 2014, and that DOT timely issued the suspension notice within ten days. *Id*. Gingrich testified that since her 2004 conviction, she had earned associate's and bachelor's degrees, married, obtained a job with the United States Department of Agriculture, and had a child. *Id.* at 530. Gingrich further testified that the suspension would impact her ability to drive her child to school and would likely result in the loss of her job, which requires her to drive. *Id.* DOT did not dispute that Gingrich was prejudiced by the delay. *Id.*

The trial court found that the clerk of courts' ten-year delay in reporting Gingrich's conviction to DOT "was 'truly unconscionable.'" *Id*. (quoting trial court opinion). Nonetheless, the trial court upheld the suspension because the delay was not attributable to DOT; however, the trial court urged this court "'to clarify, if not modify, its prior holdings to take into consideration what [it perceived] to be a patent denial of due process.'" *Id.* (quoting trial court opinion).

On appeal, this court reiterated the general rule that only delays attributable to DOT may invalidate a license suspension. *Id.* at 534. We explained,

4

however, "that there may be *limited extraordinary circumstances* where the suspension loses its public protection rationale and simply becomes an additional punitive measure resulting from the conviction, but imposed long after the fact." *Id.* (emphasis added). Thus, we held that "[w]here a conviction is not reported [to DOT] for an extraordinarily extended period of time, the licensee has a lack of further violations for a significant number of years before the report is finally sent, and [the licensee] is able to demonstrate prejudice, it may be appropriate for [the] common pleas [court] to grant relief." *Id.*[3] We then concluded:

> [T]he extraordinary delay in reporting Gingrich's 2004 conviction that resulted in a gap of ten years between her conviction and 2014 suspension, combined with her lack of additional issues since her last conviction in 2006 and her showing of prejudice, has created a circumstance where the [2014] suspension has lost the underlying public safety purpose and now simply is a punitive measure sought to be imposed too long after the fact.

*Id.* at 535. Therefore, we reversed the trial court's decision and vacated Gingrich's suspension. *Id.*

Applying the *Gingrich* rationale to the facts of this case, we must determine whether: (1) the Records Department failed to report Licensee's conviction to DOT for an "extraordinarily extended period of time"; (2) Licensee had no further Vehicle Code violations for a "significant number of years" before the Records Department sent the report to DOT; and (3) Licensee has been prejudiced by the delay. *See id.* at 534.

---

[3] Although we declined to "impose a bright line as to what constitutes an extraordinarily extended period of time," we determined that the ten-year delay in that case satisfied the test. *Gingrich*, 134 A.3d at 535 n.7.

5

Here, Licensee testified that after DOT restored his operating privilege in March 2015, he moved from Pennsylvania to New Jersey; however, he has been unable to obtain a New Jersey driver's license due to the Pennsylvania suspension. (N.T., 9/3/15, at 6-8.) Moreover, Licensee's certified driving history establishes that Licensee had no Vehicle Code violations following his 2012 DUI convictions. (*See* DOT's Ex. 3.) The trial court credited Licensee's testimony and determined that the suspension imposed three years after Licensee's conviction prejudiced Licensee and no longer served its public safety objective. (Trial Ct. Op. at 3-4.) Based on our review of *Gingrich* and the certified record in this case, however, we conclude that the trial court abused its discretion in finding prejudice.[4]

The record shows that on September 7, 2012, DOT imposed the first one-year suspension on Licensee's operating privilege, effective November 7, 2012; that suspension should have ended on November 7, 2013. However, DOT did not restore Licensee's operating privilege until March 23, 2015, because Licensee failed to pay the required fines. (N.T., 9/3/15, at 6-7.) After the Records Department sent notice to DOT of the second DUI conviction on April 22, 2015, DOT imposed the second one-year suspension of Licensee's operating privilege, effective June 29, 2015. Although technically this suspension was imposed three years after Licensee's conviction, it was imposed only three months after Licensee's operating privilege was restored. Even if the Records Department had reported both DUI convictions to DOT

---

[4] We also question whether the Records Department's failure to report Licensee's conviction to DOT for three years constitutes an "extraordinarily extended period of time" under *Gingrich.* However, because we find that Licensee was not prejudiced by the delay, we need not reach this question.

6

simultaneously in 2012, Licensee could not have begun to serve the second suspension until his first suspension ended in March 2015. *See Department of Transportation, Bureau of Driver Licensing v. Gonzalez*, 543 A.2d 231, 232 (Pa. Cmwlth. 1988) (holding that the Vehicle Code requires that mandatory periods of suspension upon conviction for two incidents of DUI be served consecutively, even though both convictions were imposed on the same date); *Department of Transportation, Bureau of Driver Licensing v. Martin*, 517 A.2d 216, 217 (Pa. Cmwlth. 1986) ("[I]t is proper for penalties imposed for separate violations of the Vehicle Code to be imposed consecutively."). Furthermore, the only reason Licensee's first suspension was extended to March 2015 was because Licensee neglected to pay the required fines. (N.T., 9/3/15, at 6-7.) Under these circumstances, we cannot conclude that Licensee was prejudiced by the delay.

Accordingly, because we conclude that the trial court abused its discretion in sustaining Licensee's appeal, we reverse.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert T. Currie               :
                                  : No. 1819 C.D. 2015
               v.             :
                                    :
Commonwealth of Pennsylvania,   :
Department of Transportation,    :
Bureau of Driver Licensing,      :
                                    :
                  Appellant    :

## O R D E R

AND NOW, this 16th day of June, 2016, we hereby reverse the September 3, 2015, order of the Court of Common Pleas of Allegheny County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge