# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Quatrini           :
                                      :
             v.                  :    No. 427 C.D. 2017
                                        :    Submitted: September 15, 2017
Commonwealth of Pennsylvania,     :
Department of Transportation,       :
Bureau of Driver Licensing,         :
                     Appellant    :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE J. WESLEY OLER, JR., Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED: November 30, 2017**

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Bureau) appeals from an order of the Court of Common Pleas of Delaware County (trial court), dated March 9, 2017, sustaining the appeal of Nicholas Quatrini (Licensee) and reinstating Licensee's operating privileges. We affirm the trial court's order.

The facts in this matter are not in dispute. On April 21, 2014, Licensee was convicted of violating Section 3733 of the Vehicle Code, 75 Pa. C.S. § 3733, pertaining to fleeing or attempting to elude a police officer. As a civil collateral consequence of Licensee's conviction, Section 1532(b) of the Vehicle Code, 75 Pa. C.S. § 1532(b), pertaining to suspension of operating privilege, required that the Bureau "suspend the operating privilege of any driver for [twelve] months upon receiving a certified record of the driver's conviction." The Bureau received a

certified record of Licensee's conviction from the Delaware County Office of Judicial Services (OJS) on August 8, 2016—two years and four months after Licensee's conviction. By notice with a mailing date of August 16, 2016, the Bureau imposed a one-year suspension of Licensee's operating privileges. Licensee appealed this notice to the trial court, and the trial court held a *de novo* hearing on September 23, 2016.

Before the trial court, Licensee testified that he was unaware that his April 24, 2014 conviction carried with it a suspension of his operating privileges. (Reproduced Record (R.R.) at 21a.) Licensee stated that he was working at Jiffy Lube at the time of his conviction, which was within biking distance from his residence. (*Id.* at 22a-23a.) Licensee's job function while at Jiffy Lube was changing oil, which did not require a driver's license. (*Id.* at 22a.) Licensee testified that he graduated from an automotive trade school and became a certified mechanic since his conviction. (*Id.*) Licensee is now employed as a full-time professional mechanic with Sunoco, which requires a forty-five minute commute from Licensee's residence. (*Id.* at 24a, 26a.) Licensee's duties as a mechanic require him to test-drive vehicles. (*Id.* at 25a.) Licensee testified that a one-year suspension of his licensing privileges would likely result in Licensee losing his employment due to the potential unavailability of public transportation. (*Id.* at 27a, 29a.) Licensee further provided that he would have been able to maintain his employment at Jiffy Lube if the suspension had occurred in 2014. (*Id.* at 27a.)

Following the hearing, the trial court invalidated Licensee's suspension due to the delay between Licensee's conviction and the Bureau's notice of suspension. (*Id.* at 62a.) In so doing, the trial court found support in this Court's *en banc* decision in *Gingrich v. Department of Transportation, Bureau of Driver*

2

*Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016). In *Gingrich*, this Court held that an unreasonable delay of a licensee's suspension that was not attributable to the Bureau would not be enforced if the licensee demonstrated that (1) the entity responsible for certifying a conviction to the Bureau failed to do so for an extraordinarily extended period of time, (2) the licensee had no further Vehicle Code violations for a significant number of years before the conviction was certified to the Bureau, and (3) the licensee was prejudiced by the delay. *Gingrich*, 134 A.3d at 534. The trial court found that the two year and four month delay in certifying Licensee's conviction was an extraordinarily extended period of time, Licensee has not had any further violations, and Licensee would be prejudiced if the suspension were to be enforced. (R.R. at 62a.) The Bureau then filed the instant appeal.

On appeal,[1] the Bureau argues that the trial court erred in sustaining Licensee's appeal. Specifically, the Bureau avers that the delay in certifying Licensee's conviction was not an extraordinarily extended period of time as to qualify for the invalidation of Licensee's suspension under *Gingrich*. We disagree.

Typically, in order for a licensee to successfully challenge a suspension on the basis of unreasonable delay, the delay must be attributable to the Bureau. *See, e.g., Pokoy v. Dep't of Transp., Bureau of Driver Licensing*, 714 A.2d 1162 (Pa. Cmwlth. 1998). The general rule is "where [the Bureau] is not guilty of administrative delay, any delay caused by the judicial system (*e.g.*, the Clerk of Courts) [in] not notifying [the Bureau] in a timely manner, will *not* invalidate a license suspension." *Id.* at 1164 (emphasis in original).

---

[1] This Court's review of a trial court order in an appeal from a driver's license suspension is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Cesare v. Dep't of Transp., Bureau of Driver Licensing*, 16 A.3d 545, 548 n.6 (Pa. Cmwlth.), *appeal denied*, 23 A.3d 1057 (Pa. 2011).

In *Gingrich*, however, this Court created a limited exception to the unreasonable delay rule. In *Gingrich*, the Bureau imposed a one-year suspension of a licensee's operating privilege, effective November 28, 2014, after receiving the clerk of courts' report that the licensee was convicted of driving under the influence on August 24, 2004. *Gingrich*, 134 A.3d at 529. On appeal, this Court reiterated the general rule that only delays attributable to the Bureau may invalidate a license suspension. *Id.* at 534. We explained, however, that there may be "*limited extraordinary circumstances* where the suspension loses its public protection rationale and simply becomes an additional punitive measure resulting from the conviction, but imposed long after the fact." *Id.* (emphasis added). Thus, we held that "[w]here a conviction is not reported [to the Bureau] for an extraordinarily extended period of time, the licensee has a lack of further violations for a significant number of years before the report is finally sent, and [the licensee] is able to demonstrate prejudice," it may be appropriate to invalidate the suspension. *Id.*[2]

Since this Court's decision in *Gingrich*, we have continually upheld the invalidation of a licensee's suspension in cases wherein the delay not attributable to the Bureau far exceeded that of the delay in the instant case. *See Capizzi v. Dep't of Transp., Bureau of Driver Licensing*, 141 A.3d 635, 643 (Pa. Cmwlth. 2016) (invalidating suspension where delay of seven years, ten months); *Orwig v. Dep't of Transp., Bureau of Driver Licensing*, (Pa. Cmwlth., No. 286 C.D. 2015, filed March 3, 2015) (invalidating suspension where delay of ten years); *Eckenrode v. Dep't of*

---

[2] Although this Court declined to impose a bright line as to what constitutes an extraordinarily extended period of time, we determined that the ten-year delay in *Gingrich* satisfied the test. *Gingrich*, 134 A.3d at 535 n.7.

4

*Transp., Bureau of Driver Licensing*, (Pa. Cmwlth., No. 168 C.D. 2015, filed February 11, 2015)[3] (invalidating suspension where delay of nine years).

More recently, this Court held a delay of nearly two years, seven months to be an "extraordinarily extended period of time" as contemplated by *Gingrich*. *See Gifford v. Dep't of Transp., Bureau of Driver Licensing*, __ A.3d __ (Pa. Cmwlth., No. 386 C.D. 2017, filed October 24, 2017), slip. op. at 5. In *Gifford*, the Bureau imposed a one-year suspension of the licensee's operating privileges, stemming from the licensee's January 10, 2014 conviction for fleeing or attempting to elude a police officer. *Id.*, slip op. at 1. OJS did not certify the licensee's conviction to the Bureau until August 8, 2016. *Id.* The Bureau mailed a notice of suspension to the licensee on August 16, 2016—nearly two years and seven months after the original conviction. *Id.* During that time, the licensee had received no further violations. *Id.*, slip op. at 2.

The licensee in *Gifford* testified to working at a tire business wherein he delivered tires six days a week throughout Pennsylvania. *Id.* The licensee further testified that his employer had no available positions that did not require a valid driver's license and that he did not feel confident that he would be able to find another job if he were to lose his current employment. *Id.* This Court, in affirming the trial court's decision to invalidate the licensee's suspension, held:

> Based on this Court's precedent, the *Gingrich* factors may be weighed differently by the trial court, based on the circumstances of each case, in examining whether the suspension loses its public protection rationale and becomes merely an additional punitive measure. Thus, the length of the delay may be evaluated in the context of the

---

[3] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), relating to the citing of judicial opinions, an unreported opinion of the Court may be cited only "for its persuasive value, but not as binding precedent."

5

degree of prejudice. Here, the prejudice shown by [the l]icensee is significant and, in the absence of any additional violations, the trial court could find the length of the delay necessary to constitute an "extraordinarily extended period of time" to be shorter than in a different case.

For these reasons, under the circumstances here, the trial court did not err or abuse its discretion when, based on the credited evidence presented in this matter, it held that the *Gingrich* exception was met in this case. As stated in *Gingrich*, this Court does not establish a bright line test for what constitutes an "extraordinarily extended period of time," but instead, it is for the trial courts to determine on a case-by-case basis. Thus, we affirm the trial court's determination that two years and seven months can be an "extraordinarily extended period of time" when considered with the other *Gingrich* factors, the prejudice shown by the licensee, and the absence or presence of subsequent violations.

*Id.*, slip. op. at 5 (internal citations omitted).

Here, we find the circumstances of the instant case to be analogous to those in *Gifford*. Neither party disputes that Licensee has not received any further violations since his original conviction or that Licensee will be prejudiced by the enforcement of the suspension. Thus, the only *Gingrich* factor at issue is whether the two year and four month delay in the certification of Licensee's conviction is an "extraordinarily extended period of time." We held a two year and seven month delay in *Gifford* to be an "extraordinarily extended period of time," and the circumstances of the instant case are not so dissimilar as to compel a different result. The trial court, therefore, did not err or abuse its discretion in invalidating Licensee's suspension.

Accordingly, we affirm the trial court's order.

6

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Quatrini             :
                                   :
           v.             :    No. 427 C.D. 2017
                                   :

Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing,      :
                   Appellant   :

## *O R D E R*

AND NOW, this 30th day of November, 2017, the order of the Court of Common Pleas of Delaware County, dated March 9, 2017, is AFFIRMED.

_____
P. KEVIN BROBSON, Judge
