Quinn Taylor                             :
                                        :
          v.                           :
                                        :
Commonwealth of Pennsylvania,      :
Department of Transportation,        :
Bureau of Driver Licensing,           :   No. 1314 C.D. 2017
                Appellant      :   Submitted: November 9, 2018


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


OPINION
BY JUDGE FIZZANO CANNON        FILED: December 6, 2018


       The Commonwealth of Pennsylvania, Department of Transportation (Department), Bureau of Driver Licensing (Bureau), appeals from the September 5, 2017 order of the Court of Common Pleas of Allegheny County (trial court) sustaining the statutory appeal of Quinn Taylor (Licensee) from an 18-month suspension of his operating privilege imposed following Licensee's conviction for driving under the influence of alcohol (DUI). Upon review, we affirm.

       On May 28, 2013, Licensee was convicted in the trial court of DUI graded as a first-degree misdemeanor. *See* Allegheny County Court of Common Pleas Docket No. CP-02-CR-0014534-2012 at 5 & 9. Over 3 years and 3 months later, on August 31, 2016, the Allegheny County Department of Court Records transmitted certification of Licensee's conviction to the Bureau. Eight days after receiving the trial court's certification, on September 8, 2016, the Bureau mailed

Licensee notice of the mandatory 18-month license suspension resulting from his DUI conviction, effective October 13, 2016.

On October 3, 2016, Licensee appealed the license suspension, and the trial court conducted a hearing on June 22, 2017. On September 5, 2017, the trial court entered an order sustaining Licensee's appeal. The Bureau timely appealed.[1]

On appeal, the Bureau claims the trial court erred in sustaining Licensee's statutory appeal of his license suspension because the Bureau imposed the suspension by official notice sent only eight days after the Bureau received the certified notice of Licensee's qualifying conviction from the Allegheny County Department of Court Records. *See* Bureau's Brief at 4 & 10-21. We disagree.

The Vehicle Code, 75 Pa. C.S. §§ 101–9805, mandates an 18-month suspension of driving privileges upon a first-degree misdemeanor DUI conviction. 75 Pa. C.S. § 3804(e). To that end, the Vehicle Code provides, in pertinent part:

**Suspension of operating privileges upon conviction.—**

(1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:

(i) an offense under section 3802;[2]

. . .

---

[1] "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion." *Negovan v. Dep't of Transp., Bureau of Driver Licensing*, 172 A.3d 733, 735 n.4 (Pa. Cmwlth. 2017).

[2] Section 3802 prohibits driving under the influence of alcohol or controlled substances. 75 Pa.C.S. § 3802.

(2) Suspension under paragraph (1) shall be in accordance with the following:

. . .

(ii) 18 months for a misdemeanor of the first degree under this chapter.

75 Pa. C.S. § 3804(e). Per the statute, receipt from the trial court of the certified record of a conviction triggers the Department's obligation to suspend a driver's license. *Id.*

Historically, to challenge a license suspension based on unreasonable delay, a licensee bore the burden of establishing: "(1) that there was an unreasonable delay *that was attributable to [the Department];* and (2) that the delay caused her to believe that her operating privileges would not be impaired and that she relied on this belief to her detriment." *Pokoy v. Dep't of Transp., Bureau of Driver Licensing*, 714 A.2d 1162, 1164 (Pa. Cmwlth. 1998) (emphasis in original). As to the unreasonable delay prong, this Court explained:

> Regarding the first element of this two-step analysis, the law is settled that, where [the Department] is not guilty of administrative delay, any delay caused by the judicial system (e.g., the Clerk of Courts) not notifying [the Department] in a timely manner, will *not* invalidate a license suspension that is authorized by the Code and imposed by [the Department]. In determining whether there was an unreasonable delay attributable to [the Department], the relevant time period is that between the point at which [the Department] receives notice of the driver's conviction from the judicial system and the point at which [the Department] notifies the driver that her license has been suspended or revoked. In other words, only an unreasonable delay by [the Department], and not

3

the judicial system, invalidates [the Department's] license suspension.

*Id.* (internal citations omitted) (emphasis in original). Otherwise stated, the general rule was that only a Department delay, not one caused by the judicial system, would suffice to invalidate a Department license suspension. Therefore, if the Department timely suspended the license after receiving notice from the courts of a qualifying conviction, the suspension would stand.

However, this Court recognized a narrow "extraordinary circumstances" exception to the general rule in *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016). In *Gingrich*, the York County Clerk of Courts did not notify the Department of a licensee's 2004 DUI conviction until October 10, 2014. *Id.* at 529. The Department then notified the licensee of the one-year license suspension within 14 days of receiving notification of the triggering conviction. *Id.* Licensee appealed, arguing the 10-year delay between her conviction and the attendant license suspension violated her right to due process. *Id.* The trial court found the delay was unconscionable, but affirmed the suspension based on the above-referenced general rule because the Department was not responsible for the delay. *Id.* at 530. This Court affirmed the general rule of unreasonable delay, but reversed the suspension, concluding that limited circumstances can exist where a non-Department delay could warrant the vacation of a license suspension.

We explained the extraordinary delay exception as follows:

Where a conviction is not reported for an extraordinarily extended period of time, the licensee has a lack of further violations for a significant number of years before the

4

> report is finally sent, and is able to demonstrate prejudice, it may be appropriate for common pleas to grant relief.

*Gingrich*, 134 A.3d at 534. This Court explained that this exception was to be narrowly construed and was meant to apply only "where the suspension [imposed long after the fact] loses its public protection rationale and simply becomes an additional punitive measure." *Id.* Additionally, we declined to create a bright-line rule for what period of time would constitute an "extraordinarily extended period of time," noting that the determination must be made on a case-by-case basis. *Id.* at 534 & 535 n.7. Thus, we found that the facts at hand–a 10-year delay in license suspension imposition, no further incidents with the law, and prejudice in that the licensee would have chosen a different school for her children and would likely lose her job if her license was suspended–warranted the application of the extraordinary delay exception because, after 10 years, the license suspension lost its "underlying public safety purpose" and became "a punitive measure sought to be imposed too long after the fact." *Id.* at 535.

Following *Gingrich*, this Court ruled both in favor of and against the application of the extraordinary delay exception. *See Capizzi v. Dep't of Transp., Bureau of Driver Licensing*, 141 A.3d 635 (Pa. Cmwlth. 2016) (7-year, 10-month delay warranted vacating suspension); *Eckenrode v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 168 C.D. 2015, filed July 14, 2016) (9-year delay); *Orwig v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 286 C.D. 2015, filed June 3, 2016) (10-year delay); *but see Nercesian v. Dep't of*

*Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 1795 C.D. 2016, filed June 12, 2017)[3] (nearly 5-month delay not an extraordinarily extended period of time).

On comparable time periods to the 3-years, 3-months involved in the instant matter, the Court has made three recent pronouncements. In one case, the Court found that a 2-year, 7-month delay could be considered an extraordinarily extended period of time where the licensee had no subsequent violations and established that he would be prejudiced by a license suspension. *See Gifford v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 386 C.D. 2017, filed Oct. 24, 2017). The Court has also stated, albeit in dicta, that a 3-year delay occasioned by a non-Department entity could potentially be considered an extraordinarily extended period of time, triggering the *Gingrich* exception. *See Currie v. Dep't of Transp., Bureau of Licensing*, 142 A.3d 186, 189 n.4 (Pa. Cmwlth. 2016). On the other hand, in a separate matter, the Court found that the licensee failed to meet the *Gingrich* prongs and was not entitled to the application of the extraordinary delay exception where, despite a 2-year delay, the licensee had a subsequent criminal violation shortly after the violation at issue. *See Janes v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 369 C.D. 2017, filed Oct. 24, 2017).

Recently, this Court revisited and clarified the first *Gingrich* factor in *Middaugh v. Department of Transportation, Bureau of Driver Licensing*, __ A.3d ___ (Pa. Cmwlth., No. 815 C.D. 2017, filed Oct. 31, 2018). In *Middaugh*, the trial court failed to notify the Department of a licensee's DUI conviction until 2 years and 4 months after the conviction. *Id.*, __ A.3d ___, slip op. at 3-4. Fifteen days after receiving notification from the trial court, the Department notified the licensee

---

[3] While this Court's unreported memorandum opinions may not be cited as binding precedent, they may be cited for persuasive value. Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

6

that his operating privilege would be suspended for a year per statute. *Id.*, __ A.3d ___, slip op. at 4. The licensee appealed and, at a hearing before the trial court, testified that he would be prejudiced by the imposition of the suspension years after his conviction because he had undergone numerous changes to his life circumstances since his conviction, specifically: he was no longer married and was no longer working due to a worsening neurological condition for which he had gone on total disability after his DUI conviction. *Id.*, __ A.3d ___, slip op. at 5-6. The licensee further testified that: he needed to drive himself to medical appointments that were not within either walking or biking distance from his home; he had no family who could help him with rides; due to his fixed income, he could not afford to take taxis or Uber, and his health insurance would not cover transportation costs. *Id.* Applying the *Gingrich* factors, the trial court found that the 2-year, 4-month delay in imposing the license suspension was unreasonable, that the licensee had no further violations for a significant number of years, and that the licensee would be prejudiced by the loss of his license. *Id.*, __ A.3d ___, slip op. at 6. Accordingly, the trial court sustained the licensee's appeal and ordered the reinstatement of the licensee's operating privilege. *Id.* The Department appealed. *Id.*

This Court affirmed the trial court on appeal. *Id.*, __ A.3d ___, slip op. at 25. The Court closely examined the statutory framework of, and this Court's case law regarding, license suspensions in relation to the first *Gingrich* factor: extraordinary delay. *Id.*, __ A.3d ___, slip op. at 10-19. The Court then refined the first *Gingrich* factor by examining further objective criteria that trial courts should consider to determine whether a non-Departmental license suspension imposition delay qualifies as extraordinary: (1) the 10-day trial court-to-Department reporting

7

requirement established by Section 6323(1)(i) of the Vehicle Code,[4] and (2) the length of the underlying statutory suspension pursuant to 75 Pa. C.S. § 3804(e). *Id.*, __ A.3d ___, slip op. at 19-25. After examining these further objective criteria, we concluded:

> [I]f a clerk of court reports a conviction to the Department within the applicable period of the license suspension plus 10 days, such delay, as a matter of law, cannot be an extraordinarily extended period of time sufficient to meet the first *Gingrich* factor. However, where the delay exceeds that period, and where the remaining *Gingrich* factors are satisfied, a court of common pleas can find that relief is appropriate under *Gingrich*.

---

[4] Section 6323 requires trial courts to report license suspension qualifying convictions to the Department within 10 days as follows:

> **§ 6323. Reports by courts**
>
> Subject to any inconsistent procedures and standards relating to reports and transmission of funds prescribed pursuant to Title 42 (relating to judiciary and judicial procedure):
>
> > (1) The following shall apply:
> >
> > (i) The clerk of any court of this Commonwealth, within ten days after final judgment of conviction or acquittal or other disposition of charges under any of the provisions of this title or under section 13 of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, including an adjudication of delinquency or the granting of a consent decree, shall send to the department a record of the judgment of conviction, acquittal or other disposition.

75 Pa. C.S. § 6323.

8

*Id.*, __ A.3d ___, slip op. at 23 (footnote omitted).  This Court then found the trial court did not err in concluding that the 2-year, 4-month delay in *Middaugh* was an extraordinary delay based on the objective measurement provided by the Court's pronouncement.  *Id.*, __ A.3d ___, slip op. at 25.

Here, the Department sought to impose an 18-month license suspension following a 3-year, 3-month reporting delay by the trial court.[5]  This 39-month delay exceeds the applicable period of Licensee's license suspension (18 months) plus 10 days, and the record provides no explanation for the delay.  Therefore, provided the other *Gingrich* factors were met, the trial court could grant relief under *Middaugh*.

The record reveals that Licensee has received no additional traffic violations or criminal convictions since his DUI conviction.  *See* Notes of Testimony, June 22, 2017 (N.T.) at 7-8.  Additionally, the record indicates that Licensee, assuming his license was suspended, unsuccessfully attempted to surrender his license to the Department two times, and then acquired a non-license state identification card and voluntarily ceased driving for 18 months.[6]  N.T. at 10-13.  Further, Licensee incurred student loans, completed a course of education to become an electrician, and then took a license-dependent salaried job as an electrician, all assuming that his license suspension would have expired by the time he completed his studies and got his job, at which he has succeeded and advanced.  N.T. at 17-18; Trial Court Opinion at 3.  The trial court also expressly noted that the Allegheny County Department of Court Records failed to transmit certification of

---

[5] No party argues that the Department did not act in a timely fashion to impose the suspension upon the transmission and certification of Licensee's conviction from the trial court.

[6] The trial court found credible Licensee's testimony that he ceased driving from June 9, 2013, through February 25, 2015.  Trial Court Opinion at 2-3.

Licensee's conviction as required by Section 6323 of the Vehicle Code. *See* Trial Court Opinion at 3. Based on the above evidence and findings, the trial court correctly applied the *Gingrich* factors and sustained Licensee's appeal of his license suspension. *See id.* at 4.

For the above reasons, the trial court properly sustained Licensee's appeal of his license suspension. *See Middaugh.* Accordingly, we affirm.


_____
CHRISTINE FIZZANO CANNON, Judge


Judge Cohn Jubelirer did not participate in the decision of this case.
Judge Ceisler dissents.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quinn Taylor                                          :
                                                      :
            v.                                        :
                                                      :
Commonwealth of Pennsylvania,                         :
Department of Transportation,                         :
Bureau of Driver Licensing,                           :    No. 1314 C.D. 2018
            Appellant                                 :

# O R D E R

AND NOW, this 6th day of December, 2018, the September 5, 2017 order of the Court of Common Pleas of Allegheny County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quinn Taylor               :
                                :
            v.             :   No. 1314 C.D. 2017
                                  :   Submitted: November 9, 2018
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,        :
                    Appellant     :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


CONCURRING OPINION
BY JUDGE SIMPSON                FILED: December 6, 2018


I acknowledge that the Majority opinion in this case is consistent with the Majority opinion in this Court's recent *en banc* decision in Middaugh v. Department of Transportation, Bureau of Driver Licensing, ___ A.3d ___ (Pa. Cmwlth., No. 815 C.D. 2017, filed October 31, 2018). Because I disagree with the Majority opinion in Middaugh, however, I write separately.

Primarily, I disagree that the passage of three years and three months is an extraordinarily extended period of time as a matter of law, within the analysis of Gingrich v. Department of Transportation, Bureau of Driver Licensing, 134 A.3d 528 (Pa. Cmwlth. 2016). Instead, I believe the extraordinary delay evaluation entails a mixed question of law and fact, and that some testimony must be offered by the licensee to establish the very unusual nature of the delay. Within the framework of a delay attributable to a county clerk of court's office, some

testimony by a clerk should be offered as to what delay, if any, is usual in processing convictions entailing automatic drivers' license suspensions. Where, as here, such baseline evidence is lacking, no evaluation of extraordinary delay can be made. In such a circumstance, remand to the Court of Common Pleas of Allegheny County for additional evidence is necessary.

For these reasons, I concur in the result only.

_____
ROBERT SIMPSON, Judge