# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dustin S. Gilmour              :
                                        :
          v.              :   No. 159 C.D. 2017
                                          :   Submitted: November 9, 2018
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing,      :
               Appellant     :

**BEFORE:  HONORABLE P. KEVIN BROBSON, Judge**
                **HONORABLE PATRICIA A. McCULLOUGH, Judge**
                **HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge**

**OPINION BY JUDGE BROBSON**     **FILED: May 7, 2019**

The Commonwealth of Pennsylvania, Department of Transportation (Department), Bureau of Driver Licensing (Bureau), appeals from an order of the Court of Common Pleas of Delaware County (trial court), dated January 18, 2017, sustaining the appeal of Dustin S. Gilmour (Licensee) and reinstating Licensee's operating privilege. We affirm the trial court's order.

On January 24, 2014, the trial court convicted Licensee of violating Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[1] As a civil collateral consequence of that conviction, Section 1532(c) of the Vehicle Code, 75 Pa. C.S. § 1532(c), pertaining to suspension of operating privilege, requires that the Bureau suspend the operating privilege of any driver for six months upon receiving a certified record of conviction for a first offense. The

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30).

Delaware County Office of Judicial Support (Office of Judicial Support) transmitted electronically the report of Licensee's conviction to the Department on August 8, 2016—more than two and one-half years after Licensee's conviction. Eight days later, the Bureau mailed Licensee an official notice of suspension, imposing a six-month suspension of Licensee's operating privilege. Licensee appealed to the trial court, and the trial court held a *de novo* hearing on November 21, 2016.

At the hearing, the Bureau presented evidence of Licensee's conviction and that it sent the suspension notice to Licensee eight days after receiving notice of the conviction. Licensee testified about changes in his life circumstances since his conviction, including the birth of his child and his transition to employment, both of which require him to drive. (Reproduced Record (R.R.) at 18a-22a.) Licensee also testified that he was not convicted of any additional traffic offenses after his conviction in January of 2014. (*Id*. at 17a-18a.). He argued that the trial court should sustain his appeal because of the extraordinary delay between his conviction and the imposition of the suspension. (*Id.* at 25a.) The Bureau responded, citing *Pokoy v. Department of Transportation, Bureau of Driver Licensing*, 714 A.2d 1162 (Pa. Cmwlth. 1998), that the trial court should dismiss Licensee's appeal because the Department did not cause the delay in imposing Licensee's suspension. (*Id.* at 26a-27a.) The Bureau also argued that the ten-year delay in *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016) (en banc), wherein this Court sustained a licensee's appeal in the face of a delay in the certification of conviction by a court of common pleas to the Department, was extraordinary, unlike the delay of approximately two and one-half years in the matter before the trial court. (*Id.* at 27a.)

2

The trial court sustained Licensee's appeal and rescinded the suspension of his operating privilege. The Bureau then filed the instant appeal, after which the trial court issued a Pa. R.A.P. 1925(a) opinion. In its opinion, the trial court first explained that, under this Court's decision in *Gingrich*, there need not be an unreasonable delay by the Department itself in order to grant Licensee's appeal. Under *Gingrich*, in cases of non-Departmental delay, common pleas may sustain a suspension appeal "[w]here a conviction is not reported for an *extraordinarily extended period of time*, the licensee has a *lack of further violations* for a significant number of years before the report is finally sent, and [the licensee] is able to demonstrate *prejudice*" as a result of the delay. *Gingrich*, 134 A.3d at 534 (emphasis added). Here, the trial court applied the three-part test set forth in *Gingrich* to invalidate the suspension and reinstate Licensee's operating privilege. Specifically, the trial court concluded that (1) the delay in this case is "extraordinarily extended" when compared with delays we have analyzed since *Gingrich*; (2) Licensee was not convicted of further violations of the Vehicle Code[2] during the delay; and (3) the delay prejudiced Licensee.

On appeal,[3] the Bureau argues that the trial court erred or abused its discretion in sustaining Licensee's appeal, because the delay between the date of Licensee's conviction and certification of the suspension was not caused by the Department and was not sufficiently long. The Bureau focuses much of its argument on this Court's decision in *Pokoy*, wherein this Court held that "only an unreasonable

---

[2] 75 Pa. C.S. §§ 101-9805.

[3] Our review of a trial court's order in an appeal from a driver's license suspension is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Cesare v. Dep't of Transp., Bureau of Driver Licensing*, 16 A.3d 545, 548 n.6 (Pa. Cmwlth.), *appeal denied*, 23 A.3d 1057 (Pa. 2011).

3

delay by [the Department], and not the judicial system, invalidates [the Department's] license suspension." *See Pokoy*, 714 A.2d at 1164. Regardless of the Bureau's attempts to minimize the significance of this Court's decision in *Gingrich*, the Bureau maintains that the Office of Judicial Support's delay in notifying the Department was slightly less than two years and seven months, which did not constitute an extraordinarily extended period of time.

As explained by the Court in *DeGrossi v. Department of Transportation, Bureau of Driver Licensing*, 174 A.3d 1187 (Pa. Cmwlth. 2017), a statement in an unreported opinion of this Court that *Pokoy* "remains good law" may have led to some confusion as to the applicability of *Pokoy* in light of *Gingrich*.[4] The Court in *DeGrossi* went on to discuss our decision in *Gifford v. Department of Transportation, Bureau of Driver Licensing*, 172 A.3d 727 (Pa. Cmwlth. 2017), *appeal dismissed as moot*, 201 A.3d 734 (Pa. 2019), wherein we applied *Gingrich* and held that a clerk of court's delay in informing the Department of a conviction for two years and seven months constituted an "extraordinary period of time" when considered with the other *Gingrich* factors that were not in dispute. The Court in *DeGrossi* noted that the facts before it were indistinguishable from *Gifford* and, therefore, held that *Gifford* was controlling. As to *Gingrich*, the Court wrote:

> In making its determination, the trial court construed the exception in *Gingrich* as one that effectively swallowed the previous rule and abrogated all of this Court's preexisting case law. With our decision in *Gifford*, this could quite possibly be the case, for it is difficult to decipher how the "general rule"[–*i.e.*, that only

---

[4] *See Eckenrode v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 168 C.D. 2015, filed July 14, 2016). Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), relating to the citing of judicial opinions, an unreported opinion of the Court may be cited only "for its persuasive value, but not as binding precedent."

> delays attributable to the Department may be grounds for vacating a license suspension based on delay—]remains intact despite sentiments from this Court to that effect. Whether the entire body of our case law comprising the *ancien regime* is still viable post-*Gingrich*, be it as a practical matter or a legal one, is a question that we need not—and do not—decide today.

*DeGrossi*, 174 A.3d at 1187.

Again, we need not address the extent to which *Pokoy* remains relevant in the broader context. Clearly, *Pokoy* sets forth a general rule in license suspension appeals prohibiting courts from considering non-Departmental delays, and this Court's en banc opinion in *Gingrich* appears to carve out an exception to that rule by allowing courts to consider courts of common pleas' delays in certifying convictions to the Department.[5] The case now before the Court concerns the failure by the Office of Judicial Support to notify the Department of Licensee's conviction for more than two and one-half years after the conviction. The Court, therefore, must consider whether the trial court erred in sustaining Licensee's appeal under *Gingrich*, despite the Bureau's focus on *Pokoy*.[6]

---

[5] In *Gingrich*, we wrote:

> We reiterate that the general rule remains that only delays attributable to the Department may be vacated. However, where, as here, a licensee is able to demonstrate all of the following: a conviction that is not reported for an extraordinarily extended period of time; the licensee has a lack of further issues for an extended period; and prejudice, it may be appropriate for common pleas to grant relief.

*Gingrich*, 134 A.3d at 535 (footnote omitted).

[6] Both Licensee and the trial court in its Pa. R.A.P. 1925(a) opinion suggest that the Bureau waived the issue of whether the delay was sufficiently long to warrant reinstatement of Licensee's operating privilege by citing *Pokoy*, which does not allow the Court to consider non-Departmental delay, rather than relying on *Gingrich*, which allows the Court to consider delay caused by a court of common pleas' failure to certify a conviction timely. Clearly, the broader issue in this case has always been whether Licensee is entitled to reinstatement of his license when he was not notified

5

In *Gingrich*, we held that "[w]here a conviction is not reported for an extraordinarily extended period of time, the licensee has a lack of further violations for a significant number of years before the report is finally sent, and [the licensee] is able to demonstrate prejudice, it may be appropriate for common pleas to grant relief." *Gingrich*, 134 A.3d at 534. Here, the only disputed requirement for relief on appeal is whether the conviction was "not reported for an extraordinarily extended period of time." *See id.* To that question, this Court, in *Middaugh v. Department of Transportation, Bureau of Driver Licensing*, 196 A.3d 1073 (Pa. Cmwlth. 2018) (en banc), recently clarified what may constitute an extraordinarily extended period of time for purposes of the *Gingrich* test. In *Middaugh*, a licensee appealed the suspension of his operating privilege, arguing that a delay of two years and four months between his conviction and the report of his conviction to the Department was "extraordinarily extended" and should invalidate his suspension under *Gingrich*, given that he had demonstrated a lack of further violations and prejudice. We agreed and clarified the appropriate analysis under the first *Gingrich* factor:

> [W]e conclude that if a clerk of court reports a conviction to the Department within the applicable period of the license suspension plus [ten] days, such delay, as a matter of law, cannot be an extraordinarily extended period of time sufficient to meet the first *Gingrich* factor. However, where the delay exceeds that period, and where the remaining *Gingrich* factors are satisfied, a court of

of the Bureau's intention to suspend his operating privilege for more than two and one-half years after his conviction. Regardless of whether the parties cite *Pokoy* or *Gingrich*, the Court must apply the appropriate analysis. Thus, we do not consider the Bureau's citation to *Pokoy* rather than *Gingrich* as a waiver of the larger issue, which would encompass the question of whether the Court should apply *Pokoy* or *Gingrich* to determine whether the trial court erred in sustaining Licensee's appeal.

common pleas can find that relief is appropriate under *Gingrich.*

*Id*. at 1086 (footnote omitted).

Here, the Office of Judicial Support failed to certify Licensee's conviction for more than two and one-half years (30 months), which is nearly *five times* as long as the period of Licensee's suspension (six months). Such a time period is well in excess of the minimum period of time that can be considered an extraordinarily extended period of time under *Middaugh*—*i.e.*, the period of suspension (here, six months) plus ten days. The trial court, therefore, did not err in concluding that the delay in certification in this case constituted an extraordinarily extended period of time. Given that Licensee's satisfaction of the remaining *Gingrich* factors is undisputed on appeal, we cannot conclude that the trial court erred in sustaining Licensee's appeal.

Accordingly, we will affirm the trial court's order.

_____
P. KEVIN BROBSON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dustin S. Gilmour                           :
                                            :
          v.                                :     No. 159 C.D. 2017
                                            :
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Driver Licensing,                 :
                          Appellant         :

## **O R D E R**

AND NOW, this 7th day of May, 2019, the order of the Court of Common Pleas of Delaware County, dated January 18, 2017, is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge